Docket No. 85313–Agenda 7–November 1999.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. GREGORY A. LUMZY, Appellee.

Opinion filed March 23, 2000.

JUSTICE HEIPLE delivered the opinion of the court:

The State appeals from a decision by the appellate court which permitted defendant to appeal the length of his prison sentence without first filing a motion to withdraw his guilty plea. We affirm.

BACKGROUND

On June 10, 1997, defendant was charged with the offenses of aggravated battery and robbery. On June 23, 1997, defendant pled guilty to robbery in exchange for the State’s dismissal of the aggravated battery charge. The circuit court of Lee County sentenced defendant to seven years in prison.

On August 1, 1997 defendant’s attorney filed a motion to reconsider defendant’s sentence. Defendant did not move to withdraw his guilty plea. The trial court denied defendant’s motion and defendant filed a notice of appeal.

In the appellate court, defendant’s attorney filed a motion to remand the cause to the circuit court. The motion alleged that defense counsel had failed to file a certificate of compliance as required by Supreme Court Rule 604(d). Defendant therefore sought a remand for the filing of such a certificate.

In response to defendant’s motion, the State urged the court to affirm defendant’s conviction on other grounds. The State argued that defendant’s plea was a “negotiated plea” because the State had agreed to drop the aggravated battery charge in exchange for defendant’s guilty plea. Accordingly, under the rationale of 
People v. Evans
, 174 Ill. 2d 320 (1996), defendant could not ask the court to reconsider the length of his sentence without having first filed a motion to withdraw his guilty plea.

The appellate court, with one justice dissenting, held that defendant could properly challenge the length of his sentence even though he had not filed a motion to withdraw his guilty plea. The appellate court found 
Evans
 distinguishable because the defendant in 
Evans
 had pled guilty in exchange for a specific sentencing recommendation. In contrast, the agreement between defendant and the State in the instant case was silent as to the sentence defendant could receive. Accordingly, 
Evans
 did not preclude defendant’s appeal under the facts of this case. However, because defendant’s attorney had failed to file in the trial court a certificate of compliance with Rule 604(d), the appellate court ordered a remand to the trial court for the filing of such a certificate. 
No. 3–97–0633 (unpublished order under Supreme Court Rule 23).

This court granted the State’s petition for leave to appeal. 177 Ill. 2d R. 315.

DISCUSSION

In arguing for a reversal of the appellate court’s decision, the State goes to great lengths to characterize defendant’s plea in this case as a “negotiated plea.” Defendant, for his part, argues with equal force that the failure of the parties to agree upon a sentence precludes his plea from being considered “negotiated.” Indeed, the parties’ focus on whether the plea constituted a “negotiated plea” is understandable. In 
Evans
, this court held that:

“[F]or a defendant to prevail in a challenge to a sentence entered pursuant to a 
negotiated plea agreement
, the defendant must (1) move to withdraw the guilty plea and vacate the judgment, and (2) show that the granting of the motion is necessary to correct a manifest injustice.” (Emphasis added.) 
Evans
, 174 Ill. 2d at 332.

While that terminology used in 
Evans
 was perfectly appropriate and adequate to dispose of the issue before the court in that case, it did not, nor did it purport to, address every conceivable type of plea agreement.

As Justice Freeman correctly observed in his special concurrence in 
People v. Linder
, “not all ‘negotiated’ pleas are the same.” 
People v. Linder
, 186 Ill. 2d 67, 77 (1999) (Freeman, C.J., concurring). Indeed, there are at least four distinct plea scenarios which can occur when a defendant decides to enter a plea of guilty. First, a defendant may simply enter a “blind,” or “open,” plea without any inducement from the State. In such a case, both the defendant and the State may argue for any sentence permitted by law. Likewise, the trial court in such a case exercises its full discretion and selects the defendant’s sentence from the range provided by the relevant statute. Because such a plea involves no agreement between the defendant and the State, a defendant’s ability to appeal his conviction or sentence is limited only by the straightforward terms of Rule 604(d).

At the other extreme, a defendant may enter a fully negotiated plea under which he agrees to plead guilty in exchange for a specific sentencing recommendation by the State. This was the fact pattern addressed in 
Evans
. In that case, two defendants had each pled guilty pursuant to plea agreements under which the State agreed to drop other pending charges and to recommend a specific sentence. The trial courts accepted the plea agreements and entered judgment thereon. Subsequently, however, each defendant sought to reduce his respective sentence by filing a motion for sentence reconsideration. After those motions were denied, the defendants filed appeals arguing that their sentences were excessive.

Relying primarily on contract-law principles, this court in 
Evans
 rejected the defendants’ attempts to reduce the sentences to which they had agreed as part of their plea bargains without first moving to withdraw their guilty pleas. This court recognized that a contrary rule would permit defendants to hold the State to its side of the bargain, by eliminating the possibility of convictions on the dropped charges or sentences in excess of the agreed-upon recommendation, while reneging on the agreement by trying to unilaterally reduce the sentences to which they had agreed.

This court considered a slightly different type of plea agreement in
 People v. Linder
, 186 Ill. 2d 67 (1999). In that case, we considered the consolidated appeals of two defendants who pled guilty pursuant to agreements under which the State agreed to drop other pending charges and to recommend a sentence not to exceed an agreed-upon 
cap
. Under this third type of plea bargain, the State’s ability to argue for the full range of penalties provided for in the Unified Code of Corrections was constrained by the terms of its agreements with the defendants. After the trial judges in 
Linder
 accepted the defendants’ guilty pleas and imposed sentences within the caps, both defendants sought on appeal to challenge the sentences imposed upon them as excessive. Once again relying upon the contract-law principles described in 
Evans
, this court held that such appeals were improper where the defendants had not moved to withdraw their guilty pleas. The majority reasoned: “By agreeing to plead guilty in exchange for a recommended sentencing cap, a defendant is, in effect, agreeing not to challenge any sentence imposed below that cap on the grounds that it is excessive.” 
Linder
, 186 Ill. 2d at 74.
(footnote: 1) Accordingly, this court held that it would be fundamentally unfair to permit defendants to unilaterally modify their sides of the plea bargains while simultaneously holding the State to its side of the bargain.

The instant case involves a fourth type of guilty plea which is fundamentally different from the pleas this court considered in 
Evans 
and 
Linder
. Here, as in 
Evans
 and 
Linder
, the State agreed to drop certain charges against defendant in exchange for defendant’s plea of guilty to another charge. In stark contrast to the facts of 
Evans
 and 
Linder
, however, the plea bargain in the instant case was utterly silent as to the sentence which defendant would receive. In this case, therefore, both the State and the defendant were free to argue for any sentence provided for in the Unified Code of Corrections. Likewise, the trial court was able to exercise its full discretion in selecting any sentence permitted by law.

Accordingly, where the record is clear that 
absolutely no agreement existed 
between the parties as to defendant’s sentence, defendant manifestly cannot be breaching such a nonexistent agreement by arguing that the sentence which the court imposed was excessive. Defendant never agreed, impliedly or otherwise, to accept whatever sentence the trial court might have imposed. As a consequence, the contract principles which guided this court’s decisions in 
Evans
 and 
Linder
 cannot prevent defendant from appealing the length of his sentence under the facts of this case.

CONCLUSION

For the reasons stated above, the judgment of the appellate court, remanding the cause to the circuit court for the filing of a certificate of compliance with Rule 604(d) and for further proceedings, is affirmed.

Judgment affirmed.

JUSTICE RATHJE took no part in the consideration or decision of this case.

JUSTICE FREEMAN, specially concurring:

The court today correctly holds that our decision in 
People v. Evans
, 174 Ill. 2d 320 (1996), does not require defendant to withdraw his guilty plea in order to appeal the length of his sentence. I write separately in order to explain more fully why I believe this is so.

In 
Evans
, this court held that the motion-to-reconsider-sentence provisions contained in Rule 604(d) are inapplicable to situations where a defendant pleads guilty to certain charges in exchange for the State’s agreement to (i) dismiss other charges and (ii) recommend a specific sentence, a plea arrangement that we characterized as “negotiated.” 
Evans
, 174 Ill. 2d at 327. Our concern in such cases was that a defendant who attempts to reduce the agreed-upon sentence seeks “to hold the State to its part of the bargain while unilaterally modifying the sentences” earlier agreed upon. 
Evans
, 174 Ill. 2d at 327. Relying on principles of contract law, we noted that the guilty plea and the sentence “go hand in hand” as material elements of the plea bargain. 
Evans
, 174 Ill. 2d at 332.

As I noted in my special concurrence in 
People v. Linder
, however, not all negotiated pleas are the same. See 
People v. Linder
, 186 Ill. 2d 67, 77-78 (1999) (Freeman, C.J., specially concurring) (explaining different plea bargain scenarios). In this case, defendant and the State agreed only as to charging. In exchange for defendant’s plea of guilty to the robbery charge, the State dropped the charge of aggravated battery. As such, the sentence did not go “hand in hand” with the plea. The State did not make any facet of sentencing an element of its bargain with defendant. When the State does not provide any sentencing inducement for a defendant in its plea bargain, such a “negotiated” plea, at least for purposes of the sentencing hearing, more closely resembles an “open” plea in that the trial court retains all of its discretion at sentencing. See 
Linder
, 186 Ill. 2d at 79-80 (Freeman, C.J., specially concurring). As a result, the State can argue for a sentence from the full panoply of penalties contained in the Unified Code of Corrections. Therefore, defendant’s motion to reconsider sentence does not run afoul of the agreement because the parties never made the sentence a part of their bargain. In such cases, all contract principles are honored, and none of the concerns of 
Evans
 arise.

Notwithstanding the above, the State argues that, by reducing the charges, the State did make a sentencing concession because the sentence would have been greater had the aggravated battery charge not been dropped. I disagree. As the appellate court has noted, “an agreement by the State to reduce or dismiss charges against a defendant in exchange for the defendant’s plea to the reduced or remaining charges, which has the effect of reducing the sentencing range or the number of sentences a defendant could face, [does not] constitute[ ] an implicit agreement as to sentence.” 
People v. Mast
, 305 Ill. App. 3d 727, 732 (1999). By agreeing to drop a charge, the State has made only the concession of forgoing its right to establish defendant’s guilt of that charge. To imply a sentencing concession on the part of the State in this circumstance would require this court to presume that defendant was, in fact, guilty of the charge. Such a presumption would, of course, fly in the face of the presumption of innocence that exists in our criminal justice system.

The rule enunciated in 
Evans
 focused on returning the parties to their status quo. When a defendant pleads guilty solely in return for the dismissal of charges, the State and defendant receive just what they bargained for, 
i.e.
, a guilty plea in exchange for dismissing charges. The parties have not agreed as to the length of the sentence, which is left to the circuit court’s full discretion. Thus, no part of the bargain would be undermined by allowing defendant to seek reconsideration of the sentence decided by the circuit court alone. In reaching the same conclusion, our appellate court, has aptly noted that “ ‘ “plea bargaining, when properly administered, is to be encouraged.” ’ 
Evans
, 174 Ill. 2d at 325, 673 N.E.2d at 247, quoting 
People v. Boyt
, 109 Ill. 2d 403, 416, 488 N.E.2d 264, 271 (1985). Therefore, we should avoid a bright-line rule that places meaningless procedural obstacles in the path of an appeal.” 
People v. Zarka-Nevling
, 308 Ill. App. 3d 516, 526 (1999). For these reasons and those expressed in the court’s opinion, I concur in today’s holding.

JUSTICE BILANDIC, dissenting:

The majority has departed from the principles regarding negotiated guilty pleas that this court has set forth in prior decisions. I therefore respectfully dissent.

This court in 
People v. Evans
, 174 Ill. 2d 320 (1996), interpreted Supreme Court Rule 604(d), which provides that a defendant may not appeal from a judgment entered upon a plea of guilty unless the defendant timely “files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw his plea of guilty and vacate the judgment.” 145 Ill. 2d R. 604(d). This court held that the motion-for-sentence-reconsideration provisions of Rule 604(d) apply only to “open,” as opposed to “negotiated,” guilty pleas. 
Evans
, 174 Ill. 2d at 331-32. We defined an open guilty plea as one in which a defendant pleads guilty “without receiving 
any
 promises from the State in return.” (Emphasis added.) 
Evans
, 174 Ill. 2d at 332. Accordingly, we concluded that, following the entry of judgment on a negotiated guilty plea, a defendant must move to withdraw the guilty plea and vacate the judgment, even if the defendant wants to challenge only his sentence. 
Evans
, 174 Ill. 2d at 332.

Evans
 explained that allowing a defendant to challenge only his sentence following the entry of judgment on a negotiated guilty plea would violate basic contract law principles. 
Evans
, 174 Ill. 2d at 327. In such a circumstance, the defendant is attempting to hold the State to its part of the bargain while unilaterally reneging on or modifying the terms that the defendant had previously agreed to accept. 
Evans
, 174 Ill. 2d at 327-28. For example, the defendants in 
Evans
 agreed to plead guilty and, in exchange, the State promised to dismiss other charges and recommend a specific sentence. 
Evans
, 174 Ill. 2d at 333. The circuit court accepted the plea agreements in both cases and entered judgments in accordance with the terms of the plea agreements. 
Evans
, 174 Ill. 2d at 333. Thus, the defendants could not seek to reduce their sentences to which they agreed without first moving to vacate their guilty pleas. 
Evans
, 174 Ill. 2d at 333-34. Accord 
People v. Clark
, 183 Ill. 2d 261, 266-68 (1998) (holding that 
Evans
 applied where the defendant pled guilty in exchange for a specific sentence, yet the parties did not agree on whether that sentence would be served consecutively or concurrently with a sentence imposed by another state, but where the applicable statute mandated consecutive sentences).

Subsequently, in 
People v. Linder
, 186 Ill. 2d 67, 74 (1999), this court determined that the holding in 
Evans
 applies to plea agreements in which the defendant agrees to plead guilty in exchange for the State’s promises to dismiss other charges and to recommend a cap on the length of the defendant’s sentence. We reasoned that, by agreeing to plead guilty in exchange for the sentencing cap, the defendant is effectively agreeing not to challenge a sentence imposed below the cap. 
Linder
, 186 Ill. 2d at 74. Although the defendant “may not like the sentencing court’s ultimate disposition, that is a risk he assumes as part of his bargain. A defendant who is unwilling to accept that risk should not agree to a cap rather than a fixed term.” 
Linder
, 186 Ill. 2d at 74. Therefore, in 
Linder
, this court once again applied basic contract principles to the plea agreement and refused to allow a defendant to renege on his part of the bargain.

In this case, defendant was charged with robbery, a Class 2 felony (see 720 ILCS 5/18–1 (West 1998)), and aggravated battery, a Class 3 felony (see 720 ILCS 5/12–4 (West 1998)). At a hearing, the circuit court advised defendant of the charges against him and that he faced possible prison sentences of three to seven years for the robbery, and two to five years for the aggravated battery. The circuit court further advised defendant that he could receive extended prison terms and therefore be sentenced to prison terms of 14 and 10 years, respectively. Defendant and the State ultimately reached a plea agreement. Defendant agreed to plead guilty to robbery in exchange for the State’s promise to dismiss the aggravated battery charge against defendant. The parties presented the plea agreement to the circuit court. The circuit court again advised defendant that he could be sentenced to a maximum of 14 years’ imprisonment for the robbery. The circuit court accepted the plea agreement and, following defendant’s guilty plea to robbery, sentenced defendant to seven years in prison.

Defendant’s plea agreement is negotiated within the meaning of 
Evans
. Defendant pled guilty in exchange for the State’s promise to dismiss the aggravated battery charge against him. Because defendant obtained the State’s promise to dismiss this charge, the prison sentence that defendant could have expected to receive was reduced from 12 years to 7 years if extended sentences were not imposed, and from 24 years to 14 years if extended sentences were imposed. The plea agreement that the parties negotiated, therefore, provided defendant the valuable benefit of a less severe sentence than he could have received had he been convicted of both robbery and aggravated battery.

Moreover, by pleading guilty to robbery in exchange for the State’s promise to dismiss the aggravated battery charge, defendant, in effect, agreed that a sentence within the statutory range for robbery was appropriate. Defendant was in fact sentenced to seven years in prison for the robbery–a sentence within the statutory range. Allowing defendant to challenge the length of his sentence in this circumstance without also requiring him to move to withdraw his guilty plea unfairly binds the State to its part of the plea bargain, 
i.e.
, the dismissal of the aggravated battery charge, while allowing defendant the opportunity to renege on or modify the terms to which he had previously agreed. Such a result is not proper under this court’s holding in 
Evans
.

Allowing defendant to modify unilaterally this plea agreement while holding the State to the terms of the agreement will discourage prosecutors from entering into plea agreements. This result will “not advance our policy of encouraging properly administered plea bargains.” See 
Evans
, 174 Ill. 2d at 328.

For the foregoing reasons, defendant was required to file a motion to withdraw his guilty plea in order to challenge his sentence. Because he did not do so, defendant’s appeal should be dismissed. I therefore respectfully dissent.

FOOTNOTES
1:     
1
But see 
Linder
, 186 Ill. 2d at 82-83 (Heiple, J., dissenting) (arguing that defendant did not impliedly agree to accept any sentence below the agreed-upon cap).