No. 3--06--0164

Filed October 26, 2007.

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2007

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 04--CF--1508 |
| APOLINAR MEZA, | ) ) | Honorable Robert P. Livas, |
| Defendant-Appellant. | ) | Judge, Presiding. |

Justice Carter delivered the opinion of the court:

Defendant Apolinar Meza was charged with two counts of attempted first degree murder for the stabbing of his ex-wife, Ana Meza.  720 ILCS 5/8--4, 9--1 (West 2004).  The defendant pled guilty and was sentenced to 22 years in prison.  On appeal, the defendant argues that the trial judge violated Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) when he failed to give the defendant the opportunity to withdraw his guilty plea after the judge withdrew his offer to sentence the defendant to 15 years in prison.  We affirm.

FACTS

The State and the defendant engaged in plea negotiations but failed to reach agreement on the exact number of years the defendant would serve in prison.  Subsequent to these failures,

the defendant moved for and the State agreed to a Rule 402 conference to determine what sentence the judge would impose on the defendant in exchange for a guilty plea. The conference was held off-the-record. At the end of the conference, the judge stated on the record that he "extended an offer" to the defendant and continued the case so that the defendant could consider the offer. The judge conditionally offered a 15-year term of incarceration so long as nothing new in the way of aggravation or mitigation arose at sentencing.

The defendant informed the judge that he would enter a guilty plea pursuant to the Rule 402 conference. The parties agreed that the plea would be a "blind plea." The defendant acknowledged at the time that he understood this to mean that there was no plea agreement between the State and himself. The judge admonished the defendant regarding the nature of the charges, his trial rights, and his right to persist in a not guilty plea. The judge informed the defendant that he faced the possibility of between 6 and 30 years in prison for pleading guilty. The defendant acknowledged that he understood the judge's admonitions and that he was not entering a guilty plea because someone was making promises or threats to him. The judge accepted the defendant's guilty plea, and the case was continued for a sentencing hearing.

At the sentencing hearing, the State presented Ana Meza's victim impact statement. The State also produced evidence that the defendant sent a letter to Ana, asking her to sign an

affidavit. The affidavit stated that she lied about the defendant's attempt to kill her and that she had tried to kill herself. The judge acknowledged his offer of a 15-year sentence but stated that he did not feel bound by it in light of the evidence of the letter and affidavit. The judge then sentenced the defendant to 22 years in prison.

The defendant made a motion to withdraw his guilty plea, which the trial judge denied. The defendant appealed.

ANALYSIS

On appeal, we are asked to consider whether the trial judge violated Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) when he failed to give the defendant the opportunity to withdraw his guilty plea after the judge withdrew his offer to sentence the defendant to 15 years in prison. The defendant seeks to have his conviction and sentence vacated and the case remanded for compliance with the rule.

When reviewing whether a supreme court rule has been violated, a question of law is presented and the standard of review is de novo. People v. Lozada, 323 Ill. App. 3d 1015, 753 N.E.2d 383 (2001).

Supreme Court Rule 402, governing guilty pleas, requires that such pleas be accompanied by admonitions, are voluntary, and have a factual basis. At issue here is Rule 402(d)(2), which states the procedures to be followed when a trial judge concurs or conditionally concurs in a plea agreement. It provides:

3

"(d) Plea Discussions and Agreements.  When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply:

***

(2) If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea.  At the same time he may also receive, with the consent of the defendant, evidence in aggravation or mitigation.  The judge may then indicate to the parties whether he will concur in the proposed disposition; and if he has not yet received evidence in aggravation or mitigation, he may indicate that his concurrence is conditional on that evidence being consistent with the representations made to him.  If he has indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule.  If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence,

4

he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty. If the defendant thereupon withdraws his plea, the trial judge shall recuse himself." 177 Ill. 2d R. 402(d)(2).

In this case, Rule 402(d)(2) is not applicable because the trial judge did not concur or conditionally concur to a plea agreement at the Rule 402 conference. Prior to the conference, the parties failed to reach a plea agreement because they could not agree on the number of years in prison the defendant would serve in exchange for a guilty plea. See 177 Ill. 2d R. 402(d)(2) (stating that a plea agreement means an agreement between the parties that the defendant will enter a guilty plea in exchange for a specified sentence or a dismissal of charges). As such, the parties did not present a plea agreement to the judge for his concurrence or conditional concurrence, and Rule 402(d)(2) does not apply to cases in which there is no plea agreement.

Furthermore, it is clear that the parties never reached a plea agreement at the Rule 402 conference to which the trial judge was asked to concur or conditionally concur because the defendant and the trial judge never acknowledged the existence of one. Following the Rule 402 conference, the defendant entered a "blind plea" in this case, knowing that a blind plea meant that he had no plea agreement with the State. The defendant also stated that he was not entering his plea because someone promised

5

him anything in return for it.  Similarly, the trial judge did not indicate his concurrence or conditional concurrence with any plea agreement in open court, as required by Rule 402(d)(2), because no plea agreement was stated in open court, as required by Rule 402(b), or even existed.  The trial judge's offer of a 15-year prison term in exchange for his guilty plea did not constitute a plea agreement to which Rule 402(d)(2) may apply because plea agreements, as noted above, are between parties, not the judge and the defendant.  The trial judge's offer was merely a statement of the length of sentence the judge would be inclined to give the defendant if he pleaded guilty, not a plea agreement. People v. Nutall, 312 Ill. App. 3d 620, 637, 728 N.E.2d 597, 612 (2000) (stating that "discussions occurring in a pretrial 402 conference about a potential sentence do not raise the same considerations a negotiated plea does," such as the requirements of Rule 402 and the application of contract law).  Thus, without a plea agreement to which the trial judge concurred or conditionally concurred, Rule 402(d)(2) does not apply to this case and the defendant cannot be given the opportunity to withdraw his plea.

CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

SCHMIDT, J. concurs.

6

JUSTICE McDADE, specially concurring in part, dissenting in part:

The majority has found that Rule 402(d)(2) does not apply in this case because the parties never reached a plea agreement to which the trial judge was asked to concur or conditionally concur (slip order at 5) and, as a consequence, that defendant cannot be given the opportunity to withdraw his plea pursuant to the rule. I agree that the rule does not apply but cannot agree that he should be denied an opportunity to withdraw his plea.

The rule reads, in part, as follows: "If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty." 177 Ill. 2d R. 402(d)(2).

Defendant claimed that any argument that Rule 402(d)(2) does *not* apply in this case is waived because the State failed to raise the issue in the trial court. I agree with defendant that the State waived any argument as to whether Rule 402 is applicable in this case. Therefore, the question of whether the language in Rule 402(d)(2) giving a defendant the alternatives of affirming the new sentence or withdrawing his plea is applicable in this case is also not properly raised to this court. However, we cannot simply ignore an issue involving the proper construction of a Supreme Court Rule, even when that issue is improperly presented. "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court." *People v. Piatkowski*, 225 Ill. 2d 551, 564, 870 N.E.2d 403, 410 (2007). I find that,

7

although Rule 402(d)(2) is not applicable, we may use the principles it establishes to determine whether defendant must be allowed to withdraw his guilty plea in this case.

I agree that Rule 402(d)(2) does not apply to the extent the parties had not, and apparently did not understand that they had not, engaged in a "Rule 402 conference" because they had reached no agreement when the trial judge became involved. However, the trial judge, the prosecutor, and defense counsel all led defendant to believe that this "402 conference" was a legitimate plea negotiation proceeding. I would find that, in light of the trial judge's "offer" of a 15-year prison sentence following what can only be described as negotiations with the judge himself, defendant was not, in fact, entering a blind plea but a negotiated plea; and, because the judge did not sentence him to 15 years' imprisonment as expected, defendant must be allowed to withdraw his plea.

Our supreme court has recognized that "there are at least four distinct plea scenarios which can occur when a defendant decides to enter a plea of guilty." *People v. Lumzy*, 191 Ill. 2d 182, 185, 730 N.E.2d 20, 21-22 (2000). The first is what is commonly referred to as a "blind," or "open," plea, which leaves both the defendant and the State free to argue for any sentence permitted by law. The trial judge retains full discretion to sentence defendant to any term within the range provided by the relevant statute. A second scenario involves some bargaining on what would be charged but merely caps the sentence within a retained range. As a third situation, the parties negotiate the charges but make no agreement on defendant's sentence. Fourth, and finally, a fully negotiated plea can be entered in which the defendant agrees to plead guilty in exchange for a specific sentencing recommendation. *Lumzy*, 191 Ill. 2d at 185, 730 N.E.2d at 21-22.

The most salient feature in all of these scenarios is that any negotiating involves the defendant and the State. Such is not the case here, however. Unable to reach an agreement amongst themselves, the parties enlisted the aid of the trial judge, who himself "'extended an offer'" to defendant. Slip order at 2. It is for that reason that I agree with the majority that Rule 402(d) does not apply in this case. Despite Rule 402's concession, to foster plea negotiations between the defendant and the State, that the court can indicate whether it will concur or conditionally concur in the proposed disposition, the trial court is prohibited from initiating plea discussions (177 Ill. 2d R. 402(d)(1)) and remains free to withdraw its concurrence or conditional concurrence (177 Ill. 2d R. 402(d)(2)). The reason the rule bars the court from initiating plea discussions and maintains the court's ability to reject the recommended sentence, even after the court has indicated it would follow the recommendation, is the recognition that while the *parties* may bargain for how the law will be applied in a particular case, the role of the court is to be, and more importantly, to remain, a neutral arbiter of the law and facts presented to it. See *People v. Lambrechts*, 69 Ill. 2d 544, 556, 372 N.E.2d 641, 647 (1977) ("The judge was, of course, under no obligation to concur" in recommended sentence).

The court's role as disinterested arbiter of the law is compromised when it becomes involved in the actual bargaining for a disposition or when it binds itself to a sentencing determination reached, not from its neutral and discretionary application of law to fact, but from negotiations with interested parties. In *People v. Heddins*, 66 Ill. 2d 404, 411, 362 N.E.2d 1260, 1263 (1977), Justice Dooley, specially concurring, wrote as follows:

> "So also judicial impartiality may be impaired when the judge
>
> participates in the pre-plea bargaining negotiations and the case is

9

tried before him after efforts on an agreed sentence have failed. *** More than that, however, the judge has become the adversary of the litigant in the pre-plea bargaining position-a situation in which no judge should ever place himself. So also the participating judge loses his neutral position so requisite to a judicial officer. His image, regardless of personal efforts, will be that of an advocate for the terms he embraces. Again, consider the position of the participating judge when he imposes sentence. The accused can well be justified in believing that the sentencing judge lacks objectivity and that the sentence imposed embraces the terms offered for a plea, but rejected."

For that same reason, because the trial judge "extended an offer" to defendant before defendant chose to plead guilty and later refused to honor the terms he himself offered, I believe that defendant must be allowed to withdraw his plea.

"Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. [Citation.] *** A defendant may seek to withdraw his or her guilty plea on the grounds that the plea was entered based on a misapprehension of fact or of the law ***. [Citation.] 'In the absence of substantial objective proof showing that a defendant's mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a

10

guilty plea.' [Citation.] The defendant bears the burden of proving

that his or her mistaken impression was objectively reasonable

under the circumstances existing at the time of the plea.

[Citation.]" *People v. Spriggle*, 358 Ill. App. 3d 447, 451, 831

N.E.2d 696, 700 (2005).

Here, defendant based his plea on a misapprehension of the facts. Defendant could reasonably believe that when the court extended him an offer it would stand by it. That belief is objectively reasonable. Defendant had attempted to negotiate a sentence with the State. Those negotiations did not result in an agreement with the State. The trial judge then became involved, and defendant succeeded in reaching an agreement *with him* as evidenced by defendant's newfound willingness to plead guilty.

The trial judge was the procuring cause of defendant's guilty plea. By acting in that role, the court violated Rule 402. Rule 402(d)(1) prohibits the trial judge from initiating plea discussions. Although the parties went to the court and requested the conference, I would define "initiating plea discussions" as actions which result in procuring a plea. In this case, the court's extension of an offer was clearly the procuring cause of defendant's plea as evidenced by defendant's refusal to plead guilty until the court made its offer. More importantly, by becoming the procuring cause of a plea of guilty, the court abdicated its constitutionally defined role as neutral arbiter of the law.

I recognize that defendant "acknowledged at that the time that he understood *** there was no plea agreement between the State and himself." Slip order at 2. I would find, however, that the acknowledgment by defendant is irrelevant in this case. Defendant knew there was "no

11

plea agreement between the State and himself" because those negotiations failed to bear fruit. Defendant could reasonably believe, however, that there was a plea agreement between the court and himself in light of the fact that he pled guilty only after the trial judge "extended him an offer."

Defendant also acknowledged that he "faced the possibility of between 6 and 30 years in prison for pleading guilty." Slip order at 2. However, those admonishments apply to negotiations between defendant and the State, not defendant and the court. Despite the "possibility" of 6 to 30 years' imprisonment that defendant faced when negotiating with the State, the final outcome is determined by the trial judge. Defendant could reasonably believe that after negotiating directly with the court, any "possibilities" that remained in his sentencing had been resolved.

Rule 402(d) evinces a right, found in the language quoted above, that when a defendant pleads guilty with an expectation of a certain sentence, but then does not receive it, he has a right to withdraw the plea. See also *Lambrechts*, 69 Ill. 2d at 556, 372 N.E.2d at 647 ("[I]f he did concur and subsequently changed his mind, defendant would have been entitled under Rule 402(d)(2) to withdraw his plea if he chose to do so and be tried before a different judge"). Here, defendant had a reasonable expectation of a certain sentence. In this case, after the flawed procedures followed by the parties and the court--the result being no 402 conference ever actually occurred--we are left with a defendant in essence entering a fully negotiated plea of guilty--negotiated with the court and not the State in violation of Rule 402, with the expectation of a sentence he did not receive. Defendant was objectively reasonable in holding that expectation and must be allowed to withdraw his plea.

12

Moreover, to deny defendant that right has further repercussions. By allowing defendant's plea to stand, this court would be giving the parties involved--with the notable exception of the defendant, for whose protection the system allegedly exists--a free pass for their mistakes. I believe that it paints the entire judicial system in a bad light where the court and the officers of the court failed to recognize that they followed improper procedure yet to allow them to take full advantage of those procedures and maintain a flawed guilty plea. Moreover, it reflects poorly on the State when it persists in following, or attempting to follow, Rule 402 procedures until defendant seeks the protections of the Rule and asks to withdraw his plea. Nor does it bear favorably on the entire judicial system when that request is denied because the rule, which the parties thought they were following and which provides defendant important protections in entering a guilty plea, allegedly does not apply. The protections afforded by the rule include the right to withdraw the plea if the defendant does not receive the expected sentence and that his actual sentence will result from a disinterested application of the facts to the law. Neither happened in this case.

Finally, I fear the precedent the majority's decision establishes. Rule 402 provides for specific procedures and gives the defendant specific protections. The majority's ruling essentially renders those procedures irrelevant and opens the door for abuse of plea negotiations by the State. Following the

13

majority's order, the door is open for the State to invoke the dominance of the court to convince a defendant to plead guilty and withhold evidence in aggravation during negotiations, only to be sprung at the sentencing hearing in hopes of securing a longer sentence.  I do not suggest that is what happened here, but the protections of Rule 402--in the form of those rights given directly to the defendant and the recognition of the court's proper role in the procedures--are threatened when the opportunity for such abuse exists, and the majority decision creates that opportunity.

For the foregoing reasons, I would reverse and direct the trial court to enter an order allowing defendant's motion to withdraw his guilty plea.  Accordingly, I dissent.