JUSTICE McDADE, specially concurring in part and dissenting in part: The majority has found that Rule 402(d)(2) does not apply in this case because the parties never reached a plea agreement to which the trial judge was asked to concur or conditionally concur (376 Ill. App. 3d at 790) and, as a consequence, that defendant cannot be given the opportunity to withdraw his plea pursuant to the rule. I agree that the rule does not apply but cannot agree that he should be denied an opportunity to withdraw his plea. The rule reads, in part, as follows: “If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty.” 177 Ill. 2d R. 402(d)(2). Defendant claimed that any argument that Rule 402(d)(2) does not apply in this case is waived because the State failed to raise the issue in the trial court. I agree with defendant that the State waived any argument as to whether Rule 402 is applicable in this case. Therefore, the question of whether the language in Rule 402(d)(2) giving a defendant the alternatives of affirming the new sentence or withdrawing his plea is applicable in this case is also not properly raised to this court. However, we cannot simply ignore an issue involving the proper construction of a supreme court rule, even when that issue is improperly presented. “Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the trial court.” People v. Piatkowski, 225 Ill. 2d 551, 564, 870 N.E.2d 403, 410 (2007). I find that, although Rule 402(d)(2) is not applicable, we may use the principles it establishes to determine whether defendant must be allowed to withdraw his guilty plea in this case. I agree that Rule 402(d)(2) does not apply to the extent the parties had not, and apparently did not understand that they had not, engaged in a “Rule 402 conference” because they had reached no agreement when the trial judge became involved. However, the trial judge, the prosecutor, and defense counsel all led defendant to believe that this “Rule 402 conference” was a legitimate plea negotiation proceeding. I would find that, in light of the trial judge’s “offer” of a 15-year prison sentence following what can only be described as negotiations with the judge himself, defendant was not, in fact, entering a blind plea but a negotiated plea; and, because the judge did not sentence him to 15 years’ imprisonment as expected, defendant must be allowed to withdraw his plea. Our supreme court has recognized that “there are at least four distinct plea scenarios which can occur when a defendant decides to enter a plea of guilty.” People v. Lumzy, 191 Ill. 2d 182, 185, 730 N.E.2d 20, 21-22 (2000). The first is what is commonly referred to as a “blind,” or “open,” plea, which leaves both the defendant and the State free to argue for any sentence permitted by law. The trial judge retains full discretion to sentence defendant to any term within the range provided by the relevant statute. A second scenario involves some bargaining on what would be charged but merely caps the sentence within a retained range. As a third situation, the parties negotiate the charges but make no agreement on defendant’s sentence. Fourth, and finally, a fully negotiated plea can be entered in which the defendant agrees to plead guilty in exchange for a specific sentencing recommendation. Lumzy, 191 Ill. 2d at 185, 730 N.E.2d at 21-22. The most salient feature in all of these scenarios is that any negotiating involves the defendant and the State. Such is not the case here, however. Unable to reach an agreement amongst themselves, the parties enlisted the aid of the trial judge, who himself “ ‘extended an offer’ ” to defendant. 376 Ill. App. 3d at 788. It is for that reason that I agree with the majority that Rule 402(d) does not apply in this case. Despite Rule 402’s concession, to foster plea negotiations between the defendant and the State, that the court can indicate whether it will concur or conditionally concur in the proposed disposition, the trial court is prohibited from initiating plea discussions (177 Ill. 2d R. 402(d)(1)) and remains free to withdraw its concurrence or conditional concurrence (177 Ill. 2d R. 402(d)(2)). The reason the rule bars the court from initiating plea discussions and maintains the court’s ability to reject the recommended sentence, even after the court has indicated it would follow the recommendation, is the recognition that while the parties may bargain for how the law will be applied in a particular case, the role of the court is to be, and more importantly, is to remain, a neutral arbiter of the law and facts presented to it. See People v. Lambrechts, 69 Ill. 2d 544, 556, 372 N.E.2d 641, 647 (1977) (“The judge was, of course, under no obligation to concur” in recommended sentence). The court’s role as disinterested arbiter of the law is compromised when it becomes involved in the actual bargaining for a disposition or when it binds itself to a sentencing determination reached, not from its neutral and discretionary application of law to fact, but from negotiations with interested parties. In People v. Heddins, 66 Ill. 2d 404, 411, 362 N.E.2d 1260, 1263 (1977), Justice Dooley, specially concurring, wrote as follows: “So also judicial impartiality may be impaired when the judge participates in the pre-plea bargaining negotiations and the case is tried before him after efforts on an agreed sentence have failed. *** More than that, however, the judge has become the adversary of the litigant in the pre-plea bargaining position — a situation in which no judge should ever place himself. So also the participating judge loses his neutral position so requisite to a judicial officer. His image, regardless of personal efforts, will be that of an advocate for the terms he embraces. Again, consider the position of the participating judge when he imposes sentence. The accused can well be justified in believing that the sentencing judge lacks objectivity and that the sentence imposed embraces the terms offered for a plea, but rejected.” For that same reason, because the trial judge “extended an offer” to defendant before defendant chose to plead guilty and later refused to honor the terms he himself offered, I believe that defendant must be allowed to withdraw his plea. “Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. [Citation.] *** A defendant may seek to withdraw his or her guilty plea on the grounds that the plea was entered based on a misapprehension of fact or of the law ***. [Citations.] ‘In the absence of substantial objective proof showing that a defendant’s mistaken impressions were reasonably justified, subjective impressions alone are not sufficient grounds on which to vacate a guilty plea.’ [Citation.] The defendant bears the burden of proving that his or her mistaken impression was objectively reasonable under the circumstances existing at the time of the plea. [Citation.]” (Emphasis omitted.) People v. Spriggle, 358 Ill. App. 3d 447, 450-51, 831 N.E.2d 696, 700 (2005). Here, defendant based his plea on a misapprehension of the facts. Defendant could reasonably believe that when the court extended him an offer it would stand by it. That belief is objectively reasonable. Defendant had attempted to negotiate a sentence with the State. Those negotiations did not result in an agreement with the State. The trial judge then became involved, and defendant succeeded in reaching an agreement with him as evidenced by defendant’s newfound willingness to plead guilty. The trial judge was the procuring cause of defendant’s guilty plea. By acting in that role, the court violated Rule 402. Rule 402(d)(1) prohibits the trial judge from initiating plea discussions. Although the parties went to the court and requested the conference, I would define “initiating plea discussions” as actions which result in procuring a plea. In this case, the court’s extension of an offer was clearly the procuring cause of defendant’s plea as evidenced by defendant’s refusal to plead guilty until the court made its offer. More importantly, by becoming the procuring cause of a plea of guilty, the court abdicated its constitutionally defined role as neutral arbiter of the law. I recognize that defendant “acknowledged at the time that he understood *** there was no plea agreement between the State and himself.” 376 Ill. App. 3d at 788. I would find, however, that the acknowledgment by defendant is irrelevant in this case. Defendant knew there was “no plea agreement between the State and himself’ because those negotiations failed to bear fruit. Defendant could reasonably believe, however, that there was a plea agreement between the court and himself in light of the fact that he pled guilty only after the trial judge “extended him an offer.” Defendant also acknowledged that he “faced the possibility of between 6 and 30 years in prison for pleading guilty.” 376 Ill. App. 3d at 789. However, those admonishments apply to negotiations between defendant and the State, not defendant and the court. Despite the “possibility” of 6 to 30 years’ imprisonment that defendant faced when negotiating with the State, the final outcome is determined by the trial judge. Defendant could reasonably believe that after negotiating directly with the court, any “possibilities” that remained in his sentencing had been resolved. Rule 402(d) evinces a right, found in the language quoted above, that when a defendant pleads guilty with an expectation of a certain sentence, but then does not receive it, he has a right to withdraw the plea. See also Lambrechts, 69 Ill. 2d at 556, 372 N.E.2d at 647 (“[I]f he did concur and subsequently changed his mind, defendant would have been entitled under Rule 402(d)(2) to withdraw his plea if he chose to do so and be tried before a different judge”). Here, defendant had a reasonable expectation of a certain sentence. In this case, after the flawed procedures followed by the parties and the court — the result being no Rule 402 conference ever actually occurred — we are left with a defendant in essence entering a fully negotiated plea of guilty— negotiated with the court and not the State in violation of Rule 402, with the expectation of a sentence he did not receive. Defendant was objectively reasonable in holding that expectation and must be allowed to withdraw his plea. Moreover, to deny defendant that right has further repercussions. By allowing defendant’s plea to stand, this court would be giving the parties involved — with the notable exception of the defendant, for whose protection the system allegedly exists — a free pass for their mistakes. I believe that it paints the entire judicial system in a bad light where the court and the officers of the court failed to recognize that they followed improper procedure yet to allow them to take full advantage of those procedures and maintain a flawed guilty plea. Moreover, it reflects poorly on the State when it persists in following, or attempting to follow, Rule 402 procedures until defendant seeks the protections of the rule and asks to withdraw his plea. Nor does it bear favorably on the entire judicial system when that request is denied because the rule, which the parties thought they were following and which provides defendant important protections in entering a guilty plea, allegedly does not apply. The protections afforded by the rule include the right to withdraw the plea if the defendant does not receive the expected sentence and that his actual sentence will result from a disinterested application of the facts to the law. Neither happened in this case. Finally, I fear the precedent the majority’s decision establishes. Rule 402 provides for specific procedures and gives the defendant specific protections. The majority’s ruling essentially renders those procedures irrelevant and opens the door for abuse of plea negotiations by the State. Following the majority’s order, the door is open for the State to invoke the dominance of the court to convince a defendant to plead guilty and withhold evidence in aggravation during negotiations, only to be sprung at the sentencing hearing in hopes of securing a longer sentence. I do not suggest that is what happened here, but the protections of Rule 402 — in the form of those rights given directly to the defendant and the recognition of the court’s proper role in the procedures — are threatened when the opportunity for such abuse exists, and the majority decision creates that opportunity. For the foregoing reasons, I would reverse and direct the trial court to enter an order allowing defendant’s motion to withdraw his guilty plea. Accordingly, I dissent.