2024 IL App (2d) 230393-U
No. 2-23-0393
Order filed June 18, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 22-CF-1713 |
| JOSE L. SALAS-BARRAGAN, | ) ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Justices Schostok and Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The record reflected that the trial court considered all pertinent mitigating factors and defendant's rehabilitative potential in sentencing him upon his plea of guilty to possession of cannabis with the intent to deliver. Also, the court properly considered the actual amount of cannabis defendant possessed, even though it exceeded the quantity upon which the offense was based.

¶ 2    Defendant, Jose L. Salas-Barragan, appeals his sentence of eight years' imprisonment imposed after he pled guilty to possession with the intent to deliver more than 2000 grams but not more than 5000 grams of cannabis (720 ILCS 550/5(f) (West 2020)). He asserts that the trial court committed plain error when it (1) failed to properly consider mitigating evidence and his

rehabilitative potential and (2) improperly considered the actual amount of cannabis he was found to possess, which exceeded the amount upon which the offense was based. Because the court properly considered the mitigating evidence, defendant's rehabilitative potential, and the actual amount of cannabis possessed by defendant, it did not commit plain error. Thus, we affirm.

¶ 3                                  I. BACKGROUND

¶ 4     The State charged defendant with one count of possessing with the intent to deliver more than 5000 grams of cannabis, a Class X felony (720 ILCS 550/5(g) (West 2020)), and one count of possessing more than 5000 grams of cannabis, a Class 1 felony (720 ILCS 550/4(g) (West 2020)). Defendant was on probation for another offense when he was arrested.

¶ 5     After pretrial negotiations, defendant agreed to plead guilty to possessing with the intent to deliver more than 2000 grams but not more than 5000 grams of cannabis, a Class 1 felony (720 ILCS 550/5(f) (West 2020)). The trial court granted the State's motion to nol-pros the simple possession charge.

¶ 6     The following occurred at the guilty plea hearing. The State advised the trial court that defendant had agreed to plead guilty to an amended charge of possession with the intent to deliver and that there was no agreement regarding the sentence. The court then admonished defendant that a Class 1 felony was punishable by 4 to 15 years in prison, and probation was a possibility (see 730 ILCS 5/5-4.5-30(a), (d) (West 2020)).

¶ 7     The State's factual basis stated that, during a traffic stop, the police found defendant in possession of "over 5,000 grams of cannabis." Defendant stipulated to the factual basis, and the court found it to be sufficient. The court then set the matter for sentencing.

¶ 8     The following occurred at the sentencing hearing. At the outset of the hearing, the trial court asked the prosecutor how much cannabis defendant was found to possess. The prosecutor

answered that "[i]t was approximately 10,000 grams, 23.5 pounds."[1] When the court asked defense counsel if that weight was correct, counsel answered, "That's right."

¶ 9    In his allocution, defendant stated that he was sorry, that "[he] [could not] undo what [he] did or what was done," and that he was there "to solve it and get it over with and hopefully never look back to that again." When the trial court asked defendant what he thought he "did," defendant responded that he possessed cannabis and broke the law. When the court asked him why he broke the law, defendant implied that his life was not "so good, *** professionally and financially," that he had looked for "a break," and "that one time led to this being here where [he] [was] at now." The court responded that "a guy doesn't just have one time with 20 pounds."

¶ 10    In mitigation, the presentence investigation report (PSI) stated that defendant had a child with his girlfriend and resided with them, his parents, and his sisters. The PSI also indicated that defendant was employed in his father's tree service business and that his father believed that he would learn from his mistakes. The PSI also stated that defendant's sister, Guadalupe, reported that defendant was a " 'great father' " and that his girlfriend needed him to help raise their son.

¶ 11    The prosecutor argued for a prison term:

> "I don't think probation would be proper in this case. The defendant had a very large amount. He was obviously a businessman. His business is illegal and 23 pounds of cannabis is significant, so we are asking for five or six years in [prison]."

Defendant did not object to the State's reference to 23 pounds of cannabis.

¶ 12    Defense counsel argued that defendant was young, had ties to the community, had not reoffended during the year that the case was pending or committed any drug or alcohol violations, had obtained his driver's license, had finished all classes as directed by probation, had a one-year-

---

[1]At a prior status hearing, the prosecutor indicated that the cannabis weighed 9260 grams.

old child, was employed, and had family support. Defense counsel acknowledged that defendant was caught with a "significant amount of *** marijuana" but asserted that defendant had "chang[ed] his ways." Defense counsel asked the court to impose a sentence of 36 months' probation with 18 months' periodic imprisonment or, alternatively, impact incarceration (also known as boot camp).

¶ 13    In imposing sentence, the trial court noted that it "had the opportunity to consider everything before it." Specifically, the court had considered

> "[t]he PSI, factual basis for the plea, the fact it was a plea, *** the words [defendant] spoke today, all the statutory and non-statutory factors in aggravation and mitigation including *** the constitutional dual command to impose a sentence bearing in mind the seriousness of [defendant's] conduct along with restoring [defendant] to useful citizenship."

The court added that, while it had considered all of the foregoing, it would "mention just a few" particular facts. For instance, the court noted that defendant was 21 years old and had "hit the criminal justice system big time." The court further commented that defendant was on probation when he "show[ed] up with 20 something pounds of cannabis." The court emphasized: "We are not talking about somebody with a few ounces of cannabis." Rather, "[w]e are talking 20 plus pounds."

¶ 14    The trial court further noted that defendant had no significant criminal history beyond his one misdemeanor conviction, his conduct did not cause or threaten serious harm, and he did not receive any compensation for committing the offense. The court added that there was no evidence that defendant acted under strong provocation, that his conduct was excused or justified, or that his conduct was induced or facilitated by someone else. The court also found that defendant accepted responsibility for his conduct by pleading guilty.

¶ 15    However, the trial court observed that, because defendant had committed the offense while on probation, the court could not find that he was unlikely to commit another offense or likely to comply with probation. The court further found that a probation or impact incarceration sentence would deprecate the offense's seriousness and be inconsistent with the ends of justice. The court hoped its sentence would deter others from committing the same crime. After "consider[ing] all the facts and circumstances," the court imposed a sentence of eight years in prison.

¶ 16    Defendant filed a motion to reconsider the sentence. Defendant argued that the trial court did not adequately consider impact incarceration as an option. Primarily, defendant argued that the court gave disproportionate weight to his failure to admit during allocution that he was involved in a larger scheme to sell cannabis.

¶ 17    Defendant included several additional letters in mitigation. Defendant's sister, Guadalupe, wrote, among other things, that defendant was hardworking, supported his family, and loved his son. Defendant's cousin described defendant as his "little brother" and said that defendant was a "great[ ] father" to his son. An attorney wrote that he had known defendant for nearly six years because defendant and his family had performed yard work at his home. The attorney said that defendant was hardworking and dependable. He recommended that defendant be sentenced to probation. Finally, defendant's girlfriend wrote that defendant was hardworking, a "wonderful person," and a "wonderful dad." She asked the court for leniency.

¶ 18    After a hearing, the trial court denied the motion to reconsider. The court stated that it had considered the additional support letters. The court further noted that it was not required to give equal weight to all aggravating and mitigating factors and that, in its view, one of the most significant aggravating factors was that defendant possessed over 20 pounds of cannabis. Given that quantity, probation or impact incarceration would have been inconsistent with the ends of

justice—and a "higher sentence wouldn't have been wrong either." Defendant, in turn, filed a timely appeal.

¶ 19                                    II. ANALYSIS

¶ 20     On appeal, defendant contends that the trial court's sentence was erroneous because it disregarded several mitigating factors, failed to consider his rehabilitative potential, and improperly considered the actual amount of cannabis he possessed, which exceeded the statutory quantity range of the offense to which he pled guilty.

¶ 21     It is well settled that, to preserve a claim of sentencing error, a defendant must both contemporaneously object and file a written postsentencing motion raising the issue. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Here, as defendant acknowledges, he did not raise at sentencing, or in his motion to reconsider, the issue he now raises. Nevertheless, he asks us to overlook the forfeiture and review his claim as plain error.

¶ 22     We may review an otherwise forfeited claim only if the defendant establishes plain error. *Hillier*, 237 Ill. 2d at 545. The plain error doctrine is a narrow and limited exception. *Hillier*, 237 Ill. 2d at 545. To obtain relief under the doctrine, a defendant must first show that a clear or obvious error occurred. *Hillier*, 237 Ill. 2d at 545. In the sentencing context, a defendant must then show that either (1) the evidence at the sentencing hearing was closely balanced, or (2) the error was so egregious as to deny the defendant a fair sentencing hearing. *Hillier*, 237 Ill. 2d at 545. Under both prongs of the plain error doctrine, the defendant has the burden of persuasion. *Hillier*, 237 Ill. 2d at 545. If the defendant fails to meet his burden, the procedural default will be honored. *Hillier*, 237 Ill. 2d at 545.

¶ 23     Here, we first address whether the trial court committed a clear or obvious error in sentencing defendant. It did not.

¶ 24   The trial court has broad discretion in imposing a sentence, and its sentencing decision receives great deference. *People v. Campos*, 2024 IL App (2d) 230056, ¶ 48. Such deference is given because the trial court is in the best position to observe the defendant and the proceedings and can weigh the relevant sentencing factors, such as the defendant's credibility, demeanor, general moral character, mentality, social environments, habits, and age. *Campos*, 2024 Il App (2d) 230056, ¶ 48. This deference also means that the reviewing court must not substitute its judgment for that of the trial court simply because it might have weighed the factors differently. *Campos*, 2024 IL App (2d) 230056, ¶ 48. A sentence within the applicable statutory range is presumed proper. *People v. Webster*, 2023 IL 128428, ¶ 21. Accordingly, a reviewing court will not disturb a defendant's within-range sentence absent an abuse of discretion. *Campos*, 2024 IL App (2d) 230056, ¶ 48. The trial court abuses its sentencing discretion only if its sentence greatly departs from the spirit and purposes of the law or is manifestly disproportionate to the nature of the offense. *Campos*, 2024 IL App (2d) 230056, ¶ 48.

¶ 25   Here, the applicable statutory range for a Class 1 felony was 4 to 15 years in prison. See 730 ILCS 5/5-4.5-30(a) (West 2020). Because defendant's eight-year prison sentence was within the applicable statutory range, we presume it was proper.

¶ 26   Nor has defendant overcome the presumption that the within-range sentence was proper. He asserts that the trial court did not properly consider the mitigating evidence and his rehabilitative potential. The court, however, clearly stated that it was considering the PSI, the factual basis for the plea, the fact that defendant pled guilty, defendant's allocution, "all the statutory and non-statutory factors in aggravation and mitigation," and the constitutional command to impose a sentence that reflected the seriousness of defendant's conduct while aimed at restoring defendant to useful citizenship. The court noted that, although it had considered all of those

factors, it would mention only a few. Of course, it was not required to articulate each one of the sentencing factors (see *People v. Ramos*, 353 Ill. App. 3d 133, 137-38 (2004)), and, absent contrary evidence in the record, we presume that the court considered all relevant factors before it (see *People v. Brown*, 2018 IL App (1st) 160924, ¶ 23). Nothing in the record indicates that the court failed to consider all relevant mitigating factors identified in the PSI or mentioned by defense counsel at the sentencing hearing, including defendant's age and rehabilitative potential. On the contrary, the record confirms that the court considered all pertinent mitigating factors and evidence.

¶ 27    Defendant further asserts that the trial court improperly considered in aggravation the actual amount of cannabis he possessed. We disagree.

¶ 28    Here, the record established that, although defendant pled guilty to possession with the intent to deliver more than 2000 grams but not more than 5000 grams of cannabis (see 720 ILCS 550/5(f) (West 2020)), he was found to possess over 20 pounds of cannabis. The factual basis for the guilty plea, to which defense counsel stipulated, stated that defendant possessed over 5000 grams of cannabis. Further, at the outset of the sentencing hearing, when the trial court asked the prosecutor how much cannabis defendant possessed, the prosecutor responded that defendant possessed approximately 10,000 grams or 23.5 pounds. When the court asked defense counsel if that amount was correct, counsel answered it was. Thus, the record clearly established that defendant possessed over 20 pounds of cannabis.

¶ 29    Nor was it improper for the trial court, in imposing sentence, to consider the actual amount of cannabis possessed by defendant, even though it exceeded the quantity range of the offense to which he pled guilty. Although defendant pled guilty to a Class 1 offense, which was based on an amount of cannabis not exceeding 5000 grams (see 720 ILCS 550/5(f) (West 2020)), the plea

agreement did not expressly limit the sentence that could be imposed within the applicable statutory range. Because defendant entered an " 'open' plea," the court could exercise its full discretion in determining the sentence to be imposed. See *People v. Lumzy*, 191 Ill. 2d 182, 185 (2000). Nor did the plea agreement expressly limit the amount of cannabis the court could consider in imposing the sentence. Thus, the court was not limited by defendant's guilty plea from considering an amount of cannabis exceeding the amount upon which the offense was based.

¶ 30    Additionally, the trial court was obligated to consider the nature and circumstances of the offense. *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46. In fashioning a sentence, the most important factor is the seriousness of the offense. *People v. Contursi*, 2019 IL App (1st) 162894, ¶ 24. Accordingly, the actual amount of cannabis possessed by defendant was a proper—indeed, the most important—consideration. Significantly, that amount (9260 grams, according to the prosecutor at a prior status hearing) was nearly double the upper limit of the offense's quantity range. Such a large amount properly justified, in part, the rejection of probation or boot camp incarceration in favor of a prison sentence that would deter others and reflect the seriousness of the crime. The court, in sentencing defendant to slightly below the middle of the statutory range, properly considered the actual amount of cannabis possessed by defendant.

¶ 31    Because the trial court did not abuse its discretion in sentencing defendant within the applicable sentencing range, there was no clear or obvious error. Thus, we need not consider whether (1) the evidence was closely balanced or (2) the alleged error was so egregious that it denied defendant a fair sentencing hearing. See *Campos*, 2024 IL App (2d) 230056, ¶ 63. Since defendant has not established error, let alone plain error, we uphold his forfeiture.

¶ 32                                III. CONCLUSION

¶ 33    For the reasons stated, we affirm the judgment of the circuit court of Lake County.

¶ 34     Affirmed.