2020 IL App (1st) 180468-U

No. 1-18-0468

Order filed October 16, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 15 CR 18729 |
| | ) | |
| JEREMY CLERK, | ) | Honorable |
| | ) | Brian Flaherty, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm defendant's 12-year sentence for aggravated discharge of a firearm over his contention that it is excessive in light of his age, criminal background, family and community ties, and rehabilitative potential.

¶ 2    Defendant Jeremy Clerk pleaded guilty to one count of aggravated discharge of a firearm and was sentenced to 12 years' imprisonment. On appeal, defendant argues the circuit court abused its discretion in sentencing him to 12 years' imprisonment given his youth, criminal

background, strong family and community ties, and substantial rehabilitative potential. For the following reasons, we affirm.

¶ 3　Defendant was charged by indictment with six counts of attempt first degree murder, one count of aggravated battery, and seven counts of aggravated discharge of a firearm. Relevant here is count 8, which alleged that on or about October 22, 2015, defendant knowingly discharged a firearm at or into a building located on the 22400 block of Strassburg Avenue, Sauk Village, Illinois, which he knew or reasonably should have known was occupied, and he discharged the firearm from outside that building (720 ILCS 5/24-1.2(a)(1) (West 2014)).

¶ 4　In December 2016, the court made defendant a plea offer during a conference pursuant to Illinois Supreme Court Rule 402, but granted him a continuance in order acquire "some mitigation" and further negotiate with the State. In July 2017, the court held another plea conference and made another offer to defendant. On September 11, 2017, defense counsel informed the court defendant did not wish to accept the trial court's offer of 12 years' imprisonment. The court revoked its offer and said it would "not become available again."

¶ 5　On September 28, 2017, defendant informed the trial court he wished to plead guilty to the offense of aggravated discharge of a firearm. The court informed defendant of the allegations against him. Defendant said he understood the charge and wished to plead guilty. The court admonished defendant that the Class 1 felony had a statutory sentencing range between 4 and 15 years' imprisonment, which defendant stated he understood.

¶ 6　The State provided the following factual basis for the plea: if the case proceeded to trial, six named witnesses would testify that around 8:30 p.m. on October 22, 2015, they were in or around the building on the 22400 block of Strassburg and saw defendant fire a handgun multiple

times into or at the building, "which is a house." The parties stipulated defendant was over 18 years old and the events occurred in Cook County. The court accepted defendant's plea.

¶ 7     Proceeding to sentencing, the court stated it had previously ordered a presentence investigation (PSI) report and tendered it to the parties. The November 9, 2016, report provides that defendant had two juvenile residential burglary convictions for which he was sentenced to probation. Defendant had a good childhood in a loving and supportive home, graduated from high school, and was in the process of starting college at the time of his arrest. Defendant was an average student involved in several clubs and activities, and had the career goal to become a registered nurse, bricklayer, or truck driver. Defendant had two children with his girlfriend, whom he planned to marry.

¶ 8     Both the State and defense counsel declined to make arguments in aggravation or mitigation, and defendant declined to make a statement. "[B]ased on the facts of the case and [defendant's] lack of criminal breakdown," the circuit court sentenced defendant to 12 years' imprisonment on the aggravated discharge of a firearm count. The State nol-prossed the remaining counts. The court informed defendant that in order to appeal, he had to, within 30 days, file a motion for leave to withdraw his plea or ask the court to reconsider his sentence.

¶ 9     On October 16, 2017, defendant filed a *pro se* motion to reconsider sentence. In the motion, defendant alleged that his sentence was excessive and asked the court to consider the factors in mitigation, including his ability to consider the consequences of his behavior, his home environment, his educational and social background, that he did not contemplate that his conduct threatened serious physical harm to another, he was under strong provocation, there were substantial grounds tending to excuse or justify his conduct, he did not have a prior history of delinquency or criminal activity, his conduct was the result of circumstances unlikely to recur,

his character and attitude indicate he is unlikely to commit another offense, and he did not commit the offense against a person 60 years of age or older or who was physically handicapped. The court appointed the public defender to represent defendant.

¶ 10    Informing the court that defendant had entered a "fully-negotiated" plea, counsel filed a motion to withdraw the plea in December 2017.[1] Over the course of several hearings, defendant articulated he did not want to withdraw his plea but rather wanted the court to rule on his motion to reconsider sentence.

¶ 11    On February 5, 2018, counsel filed a motion to reconsider sentence. In the motion, defendant alleged that his sentence was excessive because he was a lifelong resident of Cook County, had support in the community, only one person was injured by his conduct, and he had no other adult convictions, yet his sentence was closer to the maximum statutory sentence than the minimum. Counsel filed a Rule 604(d) certificate stating *inter alia* that she consulted with defendant to ascertain his contentions of error and had amended his motion as necessary to adequately present any defects in the proceedings.

¶ 12    On February 22, 2018, the court granted counsel's request to strike defendant's motion for leave to withdraw his plea and to continue on his motion to reconsider sentence. Counsel then argued that defendant was a lifelong resident of Cook County and the father of minor children.

---

[1] The record reflects, and the parties agree, that the State agreed to dismiss multiple charges in exchange for defendant's guilty plea to single charge but did not provide any sentencing inducement in its plea bargain. Thus, defendant's negotiated plea was not a "fully negotiated" plea, in which a defendant "agrees to plead guilty in exchange for a specific sentencing recommendation by the State." *People v. Lumzy*, 191 Ill. 2d 182, 185 (2000). Rather, defendant's plea "more closely resembles an 'open' plea in that the trial court retains all of its discretion at sentencing." *Id*. at 189 (Freeman, J., specially concurring). Accordingly, defendant was not required to file a motion to withdraw his guilty plea before challenging his sentence. *People v. Diaz*, 192 Ill. 2d 211, 225 (2000) (citing *Lumzy*, 191 Ill. 2d at 187) ("where a plea agreement reached between a defendant and the State is silent as to sentencing, a defendant is not required to move to withdraw his guilty plea as a prerequisite to challenging his sentence").

He had support in the community, and offered letters from community members in mitigation.[2] Additionally, defendant was taking post high school classes while incarcerated and receiving "decent" grades.

¶ 13    The trial court reviewed its notes from the Rule 402 conference, which indicated there was a dispute between the complaining witness and defendant, defendant fired multiple shots towards a group, and the complaining witness was hit in the foot. The court stated defendant had two prior residential burglary probations and was 18 years old at the time of the offense. The court noted that it initially offered a 31-year sentence, but after the State proceeded on aggravated discharge of a firearm rather than attempt murder and requested a 15-year sentence, the court instead offered defendant a 12-year sentence.

¶ 14    Defendant told the court he was 20 years old and had two children. Defendant was adopted at two months old and had older siblings. Defendant graduated high school with average grades and was involved in several clubs and activities while there. After graduating high school, defendant was to attend community college to study registered nursing and improve his grades to attend a university but unfortunately "got locked up." Defendant expressed regret at his choices and the impact they had on his family. Before being incarcerated, defendant cared for his elderly parents and disabled aunt, as well as his children. Since his incarceration, things had changed "in the worst way" for his family. While incarcerated, defendant enrolled in school and participated in various programs, keeping faith in his future.

¶ 15    The trial court denied defendant's motion to reconsider sentence, stating:

> "I consider everything. I considered the words you say here. You are being punished for what you did. As a juvenile you were adjudicated delinquent twice on

---

[2] The letters are not included in the record on appeal.

residential burglaries and given probation as to those matters. But here you end up doing something that's pretty darn bad, firing a gun at somebody. If you and somebody else want to get into an argument, you want to get into a fist fight, as long as you're both the same size, both the same ability, I really don't care.

But for you to get into an argument with somebody and then get mad and pull out a gun and then start shooting at a group of people, you're lucky you're [not] doing a lot more time because it certainly could have turned into an attempt murder and they could have probably proved it or it could have turned into a murder which you're look at a minimum of 45 years in the penitentiary.

What you did is bad. You took a gun and you fired at a group of people. The only reason somebody fires a gun at a group of people is because they intend to hit somebody with the gun. I don't think you understand what you did and how terrible what you did is. If you hit somebody and kill somebody, what happens to that family if they lose a son or daughter or even an innocent child? They lose that person because of what you did. But for the grace of God you only hit the guy in the foot. When you fire a gun at somebody, you intend to hit them. You want to scare them, you shoot up in the air. You didn't shoot up in the air, you shot at a group of kids.

What you did is bad and I think the State was more than generous to not go on the attempt murder. I offered you 31 which was the minimum in the first conference. And then I even undercut the State when they asked for 15, I went to 12. I think 12 is more than a fair sentence. In fact 12 may be on the lower end of the sentence."

¶ 16    On appeal, defendant argues the trial court abused its discretion in sentencing him to 12 years' imprisonment given his youth, minimal criminal background, strong family and community ties, and substantial rehabilitation potential.

¶ 17    The Illinois Constitution requires a trial court to impose a sentence that balances the seriousness of the offense and the defendant's rehabilitative potential. Ill. Const. 1970, art. I, § 11; *People v. Knox*, 2014 IL App (1st) 120349, ¶ 46. To strike that balance, the court must consider a number of factors such as "the nature and circumstances of the crime, the defendant's conduct in the commission of the crime, and the defendant's personal history, including his age, demeanor, habits, mentality, credibility, criminal history, general moral character, social environment, and education." (Internal quotation marks omitted.) *Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 18    A defendant's rehabilitative potential "is not entitled to greater weight than the seriousness of the offense." (Internal quotation marks omitted.) *Id.* Moreover, the court "need not articulate the process by which it determines the appropriateness of a given sentence," or "expressly indicate its consideration of mitigating factors." *People v. Wright*, 272 Ill. App. 3d 1033, 1045-46 (1995). Instead, absent some contrary indication in the record, it is presumed the court considered any mitigating evidence presented. See *id.* at 1046 ("Where the sentencing court examines a presentence report, it is presumed that the court considered the defendant's potential for rehabilitation."). It is the defendant's burden to affirmatively show the contrary. *People v. Wilson*, 2016 IL App (1st) 141063, ¶ 11.

¶ 19    A trial court has "broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). Reviewing courts must give "substantial deference" to the trial court because, having observed

the defendant and the proceedings, the trial court "is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36. Accordingly, we may not substitute our judgment for that of the trial court merely because we would have weighed the factors differently. *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). We will not disturb the trial court's sentence absent an abuse of discretion. *Snyder*, 2011 IL 111382, ¶ 36. "[A] sentence within the statutory limits will only constitute an abuse of discretion if it is manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Martin*, 2012 IL App (1st) 093506, ¶ 47.

¶ 20    A sentence within the statutory guidelines provided by the legislature is presumed to be proper. *Knox*, 2014 IL App (1st) 120349, ¶ 46. Here, defendant was found guilty of aggravated discharge of a firearm, a Class 1 felony with an applicable sentencing range of not less than 4 years and not more than 15 years' imprisonment. 720 ILCS 5/24-1.2(a)(1), (b) (West 2014); 730 ILCS 5/5-4.5-30(a) (West 2014). Defendant's sentence of 12 years' imprisonment falls within the statutory guidelines and thus, we presume it is proper. See *Knox*, 2014 IL App (1st) 120349, ¶ 46.

¶ 21    Nevertheless, defendant argues the court overlooked significant factors in mitigation. Specifically, he asserts he was only 18 years old at the time of the offense, with an immature level of brain development making him categorically different from an adult offender.[3] He posits that research shows the region of the brain associated with reasoning continues to develop into a

---

[3] On appeal, defendant cites to research studies showing a person's reasoning continues to develop well into the person's 20s. As these studies were not presented to the trial court, we do not consider them. *People v. Mehlberg*, 249 Ill. App. 3d 499, 531-32 (1993) ("A reviewing court must determine the issues before it on appeal solely on the basis of the record made in the trial court.").

person's twenties, and that in light of these discoveries, the law concerning the sentencing of juveniles has significantly changed. See, *e.g.*, *Miller v. Alabama*, 567 U.S. 460, 469, 471 (2012) (finding mandatory life sentences without parole for offenders younger than 18 years old violate the Eight Amendment because, in part, "children have a lack of maturity and underdeveloped sense of responsibility, leading to recklessness, impulsivity and heedless risk-taking"); *People v. House*, 2019 IL App (1st) 110580-B, ¶ 55 (using *Miller* to find that the 19 year old offender's mandatory life sentence was unconstitutional as applied to him, noting that "the designation that after 18 an individual is a mature adult appears to be somewhat arbitrary"). Defendant also points out that he only had two non-violent juvenile offenses prior to this offense, and "the lack of a significant criminal history is among the most serious of all mitigating factors." Finally, defendant contends that the trial court did not adequately consider his education and strong family and community ties. Defendant contends all these factors demonstrate that his 12-year sentence does not reflect his significant rehabilitative potential.

¶ 22    We find that the court did not abuse its discretion in sentencing defendant to 12 years' imprisonment. In defendant's motion to reconsider sentence, he raised many of the same arguments he raises on appeal, and we therefore presume the court considered those arguments. In fact, at the hearing on the motion, the court not only expressly noted defendant was 18 years old at the time of the offense but stated that it considered "everything." It specifically stated it considered defendant's allocution, in which defendant discussed his age, educational history, familial relationships, regret for his actions, and desire to turn his life around. Further, the mitigating evidence defendant raises on appeal was set forth in the PSI report, and we therefore presume the court considered this evidence and defendant's potential for rehabilitation. *Wright*, 272 Ill. App. 3d at 1046 ("Where the sentencing court examines a presentence report, it is

presumed that the court considered the defendant's potential for rehabilitation."). Accordingly, the record establishes the trial court weighed the mitigating evidence, including defendant's youth, in determining a sentence within the statutory guidelines, and defendant does not affirmatively show otherwise.

¶ 23    Moreover, as noted previously, a defendant's rehabilitative potential "is not entitled to greater weight than the seriousness of the offense." (Internal quotation marks omitted.) *Knox*, 2014 IL App (1st) 120349, ¶ 46. Rather, the seriousness of the offense is the most important factor at sentencing. *People v. Jackson*, 2014 IL App (1st) 123258, ¶ 53. The court set forth the circumstances demonstrating the seriousness of the offense, reciting how defendant fired a handgun multiple times into a group of "kids" and injured one of them. As the court noted, it was "lucky" that when defendant fired multiple shots into the group of people, he did not kill anyone. We cannot say defendant's 12-year sentence is "manifestly disproportionate" to the nature of the offense or that the trial court abused its discretion in formulating it. See *Martin*, 2012 IL App (1st) 093506, ¶ 47.

¶ 24    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 25    Affirmed.