# Illinois Official Reports

## Appellate Court

***People v. Gooch*, 2014 IL App (5th) 120161**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIP GOOCH, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-12-0161 |
| Filed | September 3, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The 12-year sentence imposed on defendant for the criminal sexual assault of his daughter was upheld over his contention that the sentence was excessive in view of his cooperation with the State, including his voluntary guilty plea, since his guilty plea to criminal sexual assault was in exchange for the dismissal of two counts of predatory criminal sexual assault, the parties agreed that the plea was an open plea and that the trial court would impose the sentence after a sentencing hearing, there was no agreement or negotiations as to his sentence, defendant was not required to withdraw his guilty plea and vacate the judgment before he could seek reconsideration of his sentence, and in view of the facts that the sentence was within the statutory limits and that defendant would have had to serve consecutive terms for the two counts of predatory criminal sexual assault, if he had been convicted on those counts, the sentence was not an abuse of discretion. |
| Decision Under Review | Appeal from the Circuit Court of Williamson County, No. 09-CF-484; the Hon. John Speroni, Judge, presiding. |
| Judgment | Affirmed. |

| | |
|---|---|
| Counsel on Appeal | Bryan A. Drew, Jason D. Drew, and Katie M. Oehmke, all of Drew & Drew, P.C., of Benton, for appellant. |
| | Charles Garnati, State's Attorney, of Marion (Patrick Delfino, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion. Justices Chapman and Cates concurred in the judgment and opinion. |

**OPINION**

¶ 1    Defendant, Kip D. Gooch, was charged by the circuit court with criminal sexual assault after he knowingly committed acts of sexual penetration with his daughter, a minor. Defendant's criminal sexual assaults of his daughter stretched over a period of eight years, and defendant's daughter was a minor at the time of each attack. Criminal sexual assault is a Class 1 felony that carries a sentence of 4 to 15 years' incarceration. 720 ILCS 5/12-13 (West 2010). The circuit court sentenced defendant to 12 years in the Illinois Department of Corrections. After his sentencing, defendant filed a motion to reconsider the sentence, which the circuit court denied. Defendant filed a timely notice of appeal.

¶ 2    On appeal, defendant raises the issue as to whether the circuit court abused its discretion when it sentenced defendant to 12 years in the Illinois Department of Corrections, alleging that 12 years was an excessive sentence after defendant had cooperated with law enforcement and entered a voluntary plea of guilty. The State asserts that the sentence was not an abuse of the circuit court's discretion. The State also alleges that defendant entered into a partially negotiated guilty plea rather than an open plea, and, therefore, defendant was required to file a motion to withdraw his guilty plea before appealing his sentence. We affirm defendant's sentence and reject the State's position arguing a partially negotiated guilty plea.

¶ 3                              BACKGROUND

¶ 4    On December 14, 2009, defendant was charged by information with several criminal offenses, the relevant charges here being two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40 (West 2010)) and one count of criminal sexual assault (720 ILCS 5/12-13 (West 2010)). The victim was defendant's daughter, a minor who was first sexually abused by defendant at the age of five in 2001. The assaults continued over an eight-year period from 2001 to 2009. The charges alleged specific physical acts. The first count of predatory criminal sexual assault of a child alleged that defendant inserted a vibrator into the victim's vagina. The second count of predatory criminal sexual assault of a child alleged that defendant inserted his finger into the victim's vagina. The third count of criminal sexual assault alleged that defendant put his tongue in the victim's vagina.

¶ 5     Defendant reached a plea agreement with the State in which he agreed to plead guilty to the single count of criminal sexual assault in exchange for the dismissal of the two counts of predatory criminal sexual assault. Defendant was sentenced to 12 years in the Illinois Department of Corrections. Criminal sexual assault has a range of punishment from 4 to 15 years in the Illinois Department of Corrections. After his sentencing, defendant filed a *pro se* motion to reconsider his sentence under Illinois Supreme Court Rule 604(d) (eff. July 1, 2006), which the circuit court denied. Defendant now appeals the circuit court's 12-year sentence, arguing that the sentence was excessive and an abuse of the circuit court's discretion. Also on appeal, the State argues that the agreement defendant entered into was a partially negotiated guilty plea rather than an open plea, and therefore defendant was required to withdraw his guilty plea and vacate the judgment entered before he could file a motion to reconsider his sentence.

¶ 6                                              ANALYSIS

¶ 7     The issue defendant raises on appeal is that his 12-year sentence was excessive and an abuse of the circuit court's discretion. We disagree. Defendant pled guilty to one count of criminal sexual assault. Criminal sexual assault is a Class 1 felony that carries a sentence of 4 to 15 years in the Illinois Department of Corrections. 720 ILCS 5/12-13 (West 2010).

¶ 8     The State points out that the circuit court has broad discretion when imposing a sentence and that its judgment is entitled to great deference. *People v. O'Neal*, 125 Ill. 2d 291, 297, 531 N.E.2d 366, 368 (1988). However, the discretion of the circuit court's sentencing does have limits (*People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000)), as the court's sentence must be fair-minded and equitable. *People v. Blumstengel*, 61 Ill. App. 3d 1016, 1021, 378 N.E.2d 401, 404 (1978). It has been held that:

> "where it is claimed that the punishment imposed is excessive, although within the limitations prescribed by the legislature, that sentence should not be disturbed unless it is greatly at variance with the purpose and spirit of the law or manifestly in excess of the proscriptions of section 11 of article II of the Illinois constitution which requires that all penalties should be proportioned to the nature of the offense. The trial court is normally in a superior position during the trial and the hearing in aggravation and mitigation to make a sound determination as to the punishment to be imposed than are courts of review." *People v. Fox*, 48 Ill. 2d 239, 251-52, 269 N.E.2d 720, 728 (1971).

If the circuit court's sentence is within the statutory limits, there is a rebuttable presumption that the sentence is appropriate. *People v. Chambers*, 258 Ill. App. 3d 73, 92, 629 N.E.2d 606, 620 (1994).

¶ 9     In this case, defendant was sentenced to three years less than the maximum for the crime of criminal sexual assault, a sentence that was within the statutory limits. Furthermore, the two counts of predatory criminal sexual assault of a child were dismissed in return for his agreement to plead guilty to the single count of criminal sexual assault. If defendant had pled to the two counts of predatory criminal sexual assault of a child, in addition to the single count of criminal sexual assault, defendant would have been required to serve each count consecutively to each other, which would have added 12 to 120 years to his existing 12-year sentence. 720 ILCS 5/11-1.40(b)(2) (West 2010). Considering that defendant was sentenced within statutory limits and that defendant's plea agreement with the State dropped the two

additional charges that would have been required consecutive sentencing, the circuit court's sentence was appropriate.

¶ 10    In his argument asserting that the circuit court's sentence was excessive and an abuse of discretion, defendant points to a number of mitigating factors that he alleges the circuit court should have considered before determining his sentence. For example, defendant indicates that, before this incident, he had not committed a crime since 1995. Defendant also points out that the criminal sexual assault of his daughter was a single crime that involved a single victim. What defendant fails to consider, however, is that he repeatedly committed this heinous crime for approximately eight years going back to 2001, continuously sexually assaulting his daughter until she revealed to her mother what had been taking place. At no time during this eight-year period did defendant cease assaulting his daughter.

¶ 11    A sentence that the circuit court imposes is entitled to great deference and will not be reversed without a finding of an abuse of discretion. *Stacey*, 193 Ill. 2d at 209, 737 N.E.2d at 629. Accordingly, a reviewing court may not reweigh aggravating and mitigating factors in reviewing a defendant's challenge to a sentence, and it may not substitute its judgment for the trial court's merely because it could or would have weighed the factors differently. *People v. Jones*, 376 Ill. App. 3d 372, 394, 876 N.E.2d 15, 34 (2007).

¶ 12    Considering that defendant's 12-year sentence was within statutory limits and that the circuit court is in a superior position to make an appropriate determination as to the length of punishment, the circuit court's 12-year sentence was not an abuse of discretion.

¶ 13    The second issue raised on appeal is the nature of the plea that defendant entered into with the State. The State argues defendant entered into a partially negotiated guilty plea rather than an open plea, and because defendant entered into a partially negotiated plea that involved a sentence concession by the State, defendant should have been required to move to withdraw his guilty plea before filing a motion for sentence reconsideration under Supreme Court Rule 604(d). We disagree.

¶ 14    During the proceedings that took place on August 29, 2011, both the State and defendant stated that the terms negotiated between them were an open plea. The court asked the State and defendant what the terms of the negotiation were. The State replied by saying, "[I]t's an open plea." Defendant also replied by saying open plea. The court then declared that it "has been advised that it is not, in fact, a negotiated plea *** it's an open plea." The court subsequently asked the following question of defendant with the State present: "It's your clear understanding there is no negotiation in this case, that there will be a sentencing hearing, and the court will impose the sentence?" Defendant replied, "Yes." The court then asked defendant, "[A]nyone forced or threatened you or made any promises to you to get you to plead guilty?" Defendant replied, "No."

¶ 15    The State contends that the type of plea defendant entered in this case resembles a partially negotiated plea. A negotiated plea is different from an open plea. In an open plea, both the defendant and the State are free to argue for any sentence permitted by statute, and the circuit court exercises its full discretion in determining the sentence to be imposed. *People v. Lumzy*, 191 Ill. 2d 182, 185, 730 N.E.2d 20, 21-22 (2000). Conversely, as the State points out, when a defendant enters into a partially negotiated plea, the defendant pleads guilty in exchange for a dismissal of pending charges and the State makes sentencing concessions. *Lumzy*, 191 Ill. 2d at 185-86, 730 N.E.2d at 22.

¶ 16	The court analyzed how a motion for sentence reconsideration under Supreme Court Rule 604(d) applies to negotiated pleas as opposed to open pleas in *People v. Evans*, 174 Ill. 2d 320, 673 N.E.2d 244 (1996). *Evans* involved a case in which the defendants were charged with residential burglary, armed violence, and aggravated unlawful restraint. The defendants and the State subsequently reached a negotiated plea agreement, whereby each defendant pled guilty to the armed violence and aggravated unlawful restraint charges, and in exchange the State dismissed the residential burglary charge and recommended specific sentences of imprisonment for the two charges to which each defendant pled guilty.

¶ 17	Following the court's sentencing, each defendant filed a motion for sentence reconsideration under Supreme Court Rule 604(d). The State then challenged defendants' motions, contending that it was unfair for defendants to agree to a negotiated plea agreement, receive the benefits of that agreement by way of sentencing concessions, and then separately challenge their negotiated sentences. The State argued that problems associated with plea bargaining arrangements should be governed by contract law principles, and the guilty plea and sentence " 'go hand in hand' " as material elements of the plea agreement. *Evans*, 174 Ill. 2d at 325, 673 N.E.2d at 246. As such, the State alleged the defendants could not challenge only the sentence imposed as part of the negotiated plea without first withdrawing their guilty plea. Otherwise, the State contended the two parties could not return to the status quo. The court agreed with the State, holding that following the entry of judgment on a negotiated guilty plea, a defendant must move to withdraw the guilty plea and vacate the judgment before challenging his sentence so the parties can be returned to the status quo.

¶ 18	In contrast to how a motion for sentence reconsideration applies to a negotiated guilty plea, the court in *Evans* also discussed how it applies to an open guilty plea. In an open plea, the defendant pleads guilty "without receiving any promises from the State in return." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250. Both defendant and the State are free to argue for any sentence permitted by statute, and the circuit court exercises its full discretion in determining the sentence to be imposed. *Lumzy*, 191 Ill. 2d at 185, 730 N.E.2d at 21-22. When an open guilty plea is involved in a motion for sentence reconsideration, in which sentences are not negotiated as part of the plea agreement, a defendant is not required to file a motion to withdraw his guilty plea and vacate the judgment because he is not challenging his guilty plea. As the court in *Evans* reasoned, "Both good public policy and common sense dictate that defendants who enter open guilty pleas be allowed to challenge only their sentences without being required to withdraw their guilty pleas." *Evans*, 174 Ill. 2d at 332, 673 N.E.2d at 250.

¶ 19	In this case, the State indicates it agreed to defendant's plea of guilty to a single count of criminal sexual assault in exchange for dismissal of the predatory criminal sexual assault charges, and in doing so the dismissal of those charges resulted in a significant sentencing concession by the State. The State asserts that when a plea involves a sentencing concession by the State, a defendant is required to first move to withdraw the guilty plea and vacate the judgment before any appeal. *People v. Diaz*, 192 Ill. 2d 211, 225, 735 N.E.2d 605, 612 (2000).

¶ 20	*Diaz* involved a negotiated plea agreement between the defendant and State whereby the State agreed to dismiss several charges, agreed not to seek consecutive sentences, and agreed that extended-term sentences would not be imposed in exchange for the defendant's plea of guilty to one count of aggravated criminal sexual assault. The court in *Diaz* concluded that a

sentencing concession by the State causes the sentence imposed on defendant to be part of the plea agreement reached between defendant and the State. The court in *Diaz* found where a plea agreement limits the State from arguing for a sentence from the full range of penalties available under statute, a defendant must first move to withdraw his plea in the circuit court before challenging the sentence imposed.

¶ 21 In this case, the State asserts that it lost the ability to obtain consecutive sentences against defendant in its plea by dismissing three charges in exchange for defendant's plea of guilty to a single charge. Because this plea deal limits the State from arguing for a sentence from the full range of penalties under statute, the State contends, defendant must move to withdraw his plea before challenging his sentence as in *Diaz*. However, the State losing the ability to obtain consecutive sentences from a plea cannot be viewed the same as the State's specifically including in a plea agreement that it will not pursue consecutive or extended-term sentences. Whereas the plea in *Diaz* involved specific sentencing recommendation language, the case at issue did not. In *Diaz*, the State agreed not to seek extended-term sentences and consecutive sentences. No such language is present in the plea agreement in this case. Where the record is clear that no agreement existed between the parties as to defendant's sentence, a defendant is not required to withdraw his guilty plea before challenging his sentence. *Diaz*, 192 Ill. 2d at 221, 735 N.E.2d at 610. When an agreement is silent as to defendant's sentence, the sentence does not go hand in hand with the plea because the State has failed to include any aspect of sentencing as an element of the plea agreement.

¶ 22 Accordingly, where a plea agreement reached between a defendant and the State is silent as to sentencing, a defendant is not required to move to withdraw his guilty plea before challenging his sentence. *Lumzy*, 191 Ill. 2d at 187, 730 N.E.2d at 23. A plea bargain that is silent as to sentencing is equivalent to an open plea, and the motion-to-reconsider-sentence clause of Rule 604(d) applies, permitting a defendant to file a motion to reconsider sentence where only the sentence is challenged.

¶ 23 Moreover, by agreeing to drop a charge the State only makes a concession of relinquishing its right to prove defendant's guilt of that charge. As Justice Freeman stated in his special concurrence in *Lumzy*: "To imply a sentencing concession on the part of the State in this circumstance would require this court to presume that defendant was, in fact, guilty of the charge. Such a presumption would, of course, fly in the face of the presumption of innocence that exists in our criminal justice system." *Lumzy*, 191 Ill. 2d at 189-90, 730 N.E.2d at 24 (Freeman, J., specially concurring). He continued in his special concurrence by emphasizing courts should avoid a bright-line rule that places meaningless procedural obstacles in the path of an appeal. We agree with Justice Freeman's special concurrence, as a sentence concession by the State in a plea agreement should not be perceived as a presumption of defendant's guilt as to those charges, and does not equate to language that recommends a specific sentence. A concession of charges against defendant in a plea agreement should not be characterized as negotiated, as it does not directly speak to the sentence imposed.

¶ 24 In this case, the number of years of defendant's sentence was never agreed upon, nor were promises made to defendant regarding any sentencing constraints on the single count of criminal sexual assault to which defendant pled guilty. Where it is absolutely clear that no agreement existed between the parties as to defendant's sentence, "defendant manifestly

cannot be breaching such a nonexistent agreement by arguing that the sentence which the court imposed was excessive." *Lumzy*, 191 Ill. 2d at 187, 730 N.E.2d at 23. As such, defendant cannot be prevented from appealing the length of his sentence under the facts presented.

¶ 25 When a defendant pleads guilty in return for a dismissal of charges, the State and defendant each receive what they agreed to, that being a guilty plea in exchange for a dismissal of charges. In this case, the State and defendant did not agree to the length of defendant's sentence. The plea agreement was completely silent as to sentencing. Accordingly, the length of defendant's sentence was left to the circuit court's discretion. This was an open plea case, as both the State and defendant acknowledged below. As such, defendant was not required to file a motion to withdraw the plea and vacate the judgment prior to challenging his sentence.

¶ 26                                    CONCLUSION

¶ 27 For the reasons stated herein, we affirm the judgment of the circuit court of Williamson County.

¶ 28 Affirmed.