NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231314-U

NO. 4-23-1314

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 15, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Peoria County |
| ANTONIO T. MONROE JR., | ) | No. 21CF273 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Paul P. Gilfillan, |
| | ) | Judge Presiding. |

JUSTICE KNECHT delivered the judgment of the court.
Justices Doherty and DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*: (1) Defendant's plea was not a "negotiated plea of guilty" under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

(2) Because defense counsel failed to comply strictly with Rule 604(d), the order denying defendant's postplea claims is vacated and the matter is remanded for further proceedings.

¶ 2    This is the second appeal by defendant, Antionio T. Monroe Jr., from a denial of his postplea claim after he pled guilty to vehicular hijacking. In February 2022, defendant filed a motion to reconsider his 24-year sentence, his first postplea motion. After that motion was denied, defendant appealed. This court granted summary remand because defense counsel failed to file a certificate in compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 3    On remand, defense counsel did not file a motion to reconsider but filed a motion

to withdraw defendant's guilty plea. At the hearing on that motion, defense counsel and the State asserted defendant's guilty plea was a negotiated plea under Rule 604(d) and, as such, defendant was prohibited from filing a motion to reconsider his sentence. The trial court expressed concern the parties were incorrect as to the nature of the plea, found it would "cover all bases," and proceeded on defendant's previously filed motion to reconsider his sentence, as well as on the newly filed motion to withdraw his guilty plea. The court denied both motions.

¶ 4       Defendant appeals, arguing his counsel failed to comply with Rule 604(d). Defendant concedes the certificate filed by counsel was facially compliant but argues counsel, acting under the misconception he could only file a motion to withdraw the guilty plea, did not make the necessary amendments to present his claim his sentence was excessive. The State contends a second remand is unnecessary as the plea was a negotiated plea and argues defendant received a full and fair hearing on his excessiveness claim. We agree with defendant, vacate the trial court's order, and remand for further proceedings.

¶ 5                           I. BACKGROUND

¶ 6       The State charged defendant in May 2021 with aggravated vehicular hijacking (720 ILCS 5/18-4(a)(4) (West 2020)), vehicular hijacking (*id.* § 18-3(a)), and unlawful possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2020)). According to the charges, defendant knowingly took a motor vehicle from another while armed with a handgun. The vehicular hijacking charge did not allege defendant was armed at the time of the offense.

¶ 7       In October 2021, before Judge Kevin W. Lyons, defendant entered a plea of guilty to the vehicular-hijacking charge. According to the written "partial plea agreement," the parties agreed the sentencing range for defendant "is 4 to 30 years in [the Illinois Department of Corrections (DOC)]" and defendant is not eligible for probation. The parties further agreed the

remaining counts would be dismissed.

¶ 8        At the guilty-plea hearing, the State asserted the dropped charge for aggravated vehicular hijacking, with the firearm enhancement, carried a sentencing range of 21 to 45 years. Due to his criminal history, defendant was eligible on the vehicular hijacking charge for extended-term sentencing, making the range of his sentence 4 to 30 years' imprisonment. See 720 ILCS 5/18-3(b) (West 2020) ("Vehicular hijacking is a Class 1 felony."); *id.* § /5-4.5-30(a) (setting the sentencing range for Class 1 felonies at 4 to 15 years' imprisonment and authorizing an extended term of 15 to 30 years). After arguments by defense counsel and the State, the trial court sentenced defendant to 24 years' imprisonment.

¶ 9        In February 2022, defendant filed a motion to reconsider his sentence. In his motion, defendant argued "the sentence imposed by the Court was excessive" and the sentencing court "failed to consider the Defendant's record, age and other mitigating factors."

¶ 10        In April 2022, a hearing was held on the motion. At the hearing, defense counsel argued in support of his motion to reconsider the sentence. Counsel emphasized defendant's sentence was just six years under the maximum. He highlighted defendant was 18 years old at the time of the offense, had a difficult childhood, and had three young children. Counsel asked the trial court to reconsider given the sentence was longer than defendant had been alive. Counsel argued no one was injured and his client cooperated with the police. Counsel further emphasized defendant's chance for rehabilitation. The court denied the motion.

¶ 11        Defendant appealed the denial. The State agreed defense counsel failed to comply strictly with Rule 604(d)'s certificate requirements. In September 2022, this court allowed defendant's agreed motion for summary remand. We "remanded to the circuit court for (1) the filing of a [Rule] 604(d) certificate; (2) the opportunity to file a new Rule 604(d) motion, if

counsel concludes a new motion is necessary; (3) a new hearing; (4) a ruling on all pending Rule 604(d) motions; and (5) strict compliance with the requirements of Rule 604(d)." On remand, as Judge Lyons had retired, the case was assigned to a new judge, Paul P. Gilfillan.

¶ 12 On October 31, 2023, defendant filed a motion to withdraw his guilty plea. In that motion, defendant argued his plea was not knowingly and intelligently entered, as he "did not fully understand the elements of his case" and, at the time of the plea, he did not understand the possible consequences of that plea.

¶ 13 The hearing for defendant's postplea motion was scheduled for November 8, 2023. On that day, defense counsel reported defendant wanted to withdraw his guilty plea, and counsel stated he "can't reconsider the sentence because it's a partially negotiated plea." The matter was continued, as counsel had not yet filed his Rule 604(d) certificate.

¶ 14 On November 13, 2023, defense counsel filed a Rule 604(d) certificate, which stated the following:

"1. I have consulted with the defendant in person, by mail

or by electronic means to ascertain defendant's contentions of error

in the sentence and the entry of the plea of guilty;

2. I have examined the trial court file and the report of

proceedings of the plea of guilty and the sentencing hearing;

3. I have made any amendments to the motion necessary

for adequate presentation of any defects in those proceedings."

¶ 15 On November 16, 2023, the hearing was held. Defendant testified his issue with the plea was he "didn't know how much time [he] received." He agreed he understood the sentencing range for his offense and he knew his 24-year sentence was a possibility. Defense

counsel asked defendant the following: "Is it your contention that you just think that that's an excessive sentence, and that you would like to be resentenced because of that, and that's why you want to withdraw your guilty plea?" Defendant responded, "Yes."

¶ 16 After the State responded it had no questions, the trial court questioned whether a motion to reconsider should have been filed:

> "THE COURT: *** I know we touched on this briefly the last time we were together, but back to the issue of whether a motion to reconsider sentence could be filed or not in this case, and there was one filed on February 7th of 2022.
>
> We had the discussion about this being a negotiated plea which would then negate the ability to file a motion to reconsider sentence. Do you recall that, Mr. Doubet?
>
> [DEFENSE COUNSEL]: I do, your Honor.
>
> THE COURT: Mr. Gast?
>
> [THE STATE]: Yes, Judge.
>
> THE COURT: Okay. And in this case, it's the attorneys' position that this was a negotiated plea of guilty?
>
> [DEFENSE COUNSEL]: It is, [Y]our Honor, according to the statute, it appears, because there was a partial negotiation on a cap here. It would have made it a negotiated sentence, and I agree with the statute that the Court has cited here.
>
> * * *
>
> THE COURT: Okay. And there was actually a floor to the

- 5 -

sentencing range.

> [DEFENSE COUNSEL]: Yeah. We had removed the
> probation because the count that my client was pleading to was
> probationable. [The State] had presented an offer to myself, and I
> presented it to my client which took away the ability to get
> probation. So, the bottom ceiling was gone for that, so it was
> strictly a 4 to 30 year sentence because of that, Judge.

> THE COURT: So, is that a plea then in which the State
> recommends a specific sentence or a range of sentence?

> [DEFENSE COUNSEL]: I believe it is.

> THE COURT: Mr. Gast?

> [THE STATE]: Judge, I think I understand what the Court
> is suggesting. However, I think in this case, as the transcript bears
> out, a substantial charge was dismissed pursuant to this plea
> agreement which would have given the defendant the possibility of
> a minimum of 21 years in [DOC] with a maximum of 45 years."

¶ 17    The trial court then read the statute and was not convinced the State's decision to drop the charge of aggravated vehicular hijacking made the plea "negotiated." The court concluded because it did not "know the exact answer," it would "cover all bases." The court noted

> "it's really similar to the basis for the motion to withdraw guilty
> plea that he received too much time or that he wasn't expecting
> that much time or that it was excessive. So, I've got that motion to

reconsider sentence in front of me, and whether it is applicable

today or not, I am going to consider the substance of that."

The court then requested, "briefly, argument, whether it's moot or not, on the motion to

reconsider sentence from the defense attorney." Defense counsel proceeded with the following:

"Your Honor, that would be our argument in this case that

that was an excessive sentence that he received in this case. It was

almost the maximum in the sentence for the charge that he had

pled to in this case.

That was what our reason was for filing the motion to

reconsider which was following Judge Lyons's recommendation of

filing the motion to reconsider immediately which I did, and then it

came back up on this motion from the Appeals Court saying that it

was a negotiated plea.

So, therefore, we had to withdraw our guilty plea, and I've

explained that to [defendant]. He had to, if he wanted to do this, he

would have to withdraw his guilty plea, which would open up all

of these charges to him again."

The court disagreed with defense counsel's conclusion this court called the plea "a negotiated

plea."

¶ 18       After the State argued against the motions to reconsider and to withdraw the

guilty plea, the trial court noted the following: "We've had a comprehensive hearing here today,

and I have reviewed as a fresh set of eyes all the prior plea transcripts and the sentencing

transcripts." The court then denied both motions.

¶ 19        This appeal followed.

¶ 20                                II. ANALYSIS

¶ 21        On appeal, defendant argues he is entitled to a remand with a new hearing, as the record establishes defense counsel failed to comply strictly with Rule 604(d). Defendant argues, despite filing a facially compliant Rule 604(d) certificate that states he made the necessary amendments to present adequately any defects in the plea and sentencing proceedings, counsel did not in fact make the necessary amendments. According to defendant, as counsel incorrectly believed defendant's plea was negotiated and he could therefore not file a motion to reconsider the sentence, defendant's excessiveness-of-sentence claim was not properly raised or argued before the trial court.

¶ 22        The State counters remand is unnecessary for two reasons. The State maintains defendant's plea was negotiated and, therefore, defendant was barred by Rule 604(d) from filing a motion to reconsider his sentence. Second, the State argues, even if we find the plea is a "negotiated plea of guilty," remand is not required, as defendant received not one but two full and fair hearings on his excessiveness claim.

¶ 23                          A. Negotiated or Open Plea

¶ 24        We begin with the question of whether defendant's plea was a "negotiated plea of guilty" under Rule 604(d). If the plea falls within that definition, Rule 604(d) limited defendant's avenue to an appeal of his sentence to the filing of a motion to withdraw his guilty plea. In that circumstance, no remand is required.

¶ 25        Rule 604(d) sets forth the procedure to be followed when a defendant seeks to appeal from a judgment entered after a guilty plea. *In re H.L.*, 2015 IL 118529, ¶ 7, 48 N.E.3d 1071. The rule mandates the filing of a postplea motion, such as a motion to withdraw the plea or

a motion to reconsider the sentence, before an appeal of a plea may be taken. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). What type of postplea motion may be filed by a defendant pursuant to Rule 604(d) depends on the type of guilty plea entered. For a "negotiated plea of guilty," for example, Rule 604(d) states, "No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." *Id.* The rule defines a negotiated plea of guilty as "one in which the prosecution has bound itself to recommend a specific sentence, or a specific range of sentence, or where the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.* In contrast, when a plea is not "negotiated," a defendant may choose to file either a motion to reconsider the sentence or a motion to withdraw a guilty plea or both. *Id.*

¶ 26        The rationale underlying Rule 604(d)'s restriction for a negotiated plea is founded on "the nature of the plea agreement and the application of contract[-]law principles." *People v. Johnson*, 2019 IL 122956, ¶ 27, 129 N.E.3d 1239. To allow a defendant who entered a negotiated plea with the State to pursue a motion to reconsider his or her sentence would allow that defendant to hold the State to its end of the bargain while seeking a modification of a sentence the defendant agreed to. *Id.* This practice would violate contract principles as, when a negotiated plea is reached, the guilty plea and the sentence together are material elements of the plea bargain. *Id.* "[A]llowing a defendant to move to reconsider his sentence without withdrawing his plea 'unfairly binds the State to the terms of the plea agreement while giving the defendant the opportunity to avoid or modify those terms.' " *Id.* ¶ 28. (quoting *People v. Linder*, 186 Ill. 2d 67, 74, 708 N.E.2d 1169, 1172-73 (1999)).

¶ 27        If the plea is not negotiated as defined by Rule 604(d), "the defendant and the

State are free to argue for any sentence permitted by statute, and the circuit court exercises its full discretion in determining the sentence to be imposed." *People v. Gooch*, 2014 IL App (5th) 120161, ¶ 18, 18 N.E.3d 175 (citing *People v. Lumzy*, 191 Ill. 2d 182, 185, 730 N.E.2d 20, 21-22 (2000)). In those circumstances, Rule 604(d) does not require a defendant to withdraw the guilty plea but allows that defendant to file a motion to reconsider the sentence. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 28		The State maintains the plea here is a negotiated plea and, therefore, defense counsel was not mistaken in the belief he could only file a motion to withdraw the guilty plea. The State notes it found no case law establishing a "floor" to the agreement, given defendant's agreement not to seek probation, but seems to argue that concession, coupled with the State's agreement not to pursue the aggravated-vehicular-hijacking charge, made the plea "negotiated." In support, the State relies on our decision in *People v. Robinson*, 2021 IL App (4th) 200515, 197 N.E.3d 683.

¶ 29		Although the parties did negotiate defendant's guilty plea in that defendant agreed not to seek probation and the State agreed to drop the charge of aggravated vehicular hijacking, the plea was not a "negotiated plea" as defined by Rule 604(d). The plea does not fall into the rule's definitions of "negotiated plea." It was not "one in which the prosecution has bound itself to recommend a specific sentence[ ] or a specific range of sentence." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The State made no concession as to the sentencing range, as defendant was eligible for a sentence of 4 to 30 years, the range provided by statute. Nor is the plea agreement in this case one where "the prosecution has made concessions relating to the sentence to be imposed and not merely to the charge or charges then pending." *Id.* The State, on appeal, emphasizes it negotiated its right to pursue the charge of aggravated vehicular hijacking,

reducing the maximum sentence defendant faced from 45 years to 30 years. However, this is not a concession related to the sentence but one "merely to the charge or charges then pending," a concession expressly excluded from the definition of a negotiated plea.

¶ 30        In addition, defendant was not eligible for probation. Section 5-5-3(c)(2)(K) of the Unified Code of Corrections prohibits the imposition of probation for vehicular hijacking. 730 ILCS 5/5-5-3(c)(2)(K) (West 2020). Defendant thus pled guilty with no concession by him or by the State as to sentencing. The parties agreed he would be sentenced to 4 to 30 years, which is the range defendant faced for his vehicular hijacking charge. See 720 ILCS 5/18-3(b) (West 2020) ("Vehicular hijacking is a Class 1 felony."); 730 ILCS 5/5-4.5-30(a) (West 2020). This is an open plea—not a negotiated plea under Rule 604(d).

¶ 31        The State's case, *Robinson*, does not support its argument. In *Robinson*, the State agreed to recommend a sentence lower than the maximum sentence available. *Robinson*, 2021 IL App (4th) 200515, ¶ 5. This recommendation, although nonbinding on the sentencing court, was a concession by the State sufficient to place the plea agreement within the definition of a "negotiated plea of guilty" in Rule 604(d). *Id.* ¶ 20. No concession was made here.

¶ 32        As defendant's plea agreement was not a negotiated plea of guilty, Rule 604(d) authorized his filing of a motion to reconsider his sentence to challenge his sentence as excessive. Defense counsel's conclusion only a motion to withdraw the guilty plea could be filed on defendant's behalf was wrong.

¶ 33                B. Whether Defendant Is Entitled to a Remand

¶ 34        Defendant contends the record establishes defense counsel, despite filing a facially compliant Rule 604(d) certificate, did not comply strictly with that rule. Defendant emphasizes the record shows his desire to challenge his sentence as excessive. Counsel, holding

- 11 -

the mistaken belief a motion to reconsider the sentence could not be filed, was limited to filing a motion to withdraw a guilty plea to assert that claim. Counsel argues that avenue was futile, as an excessiveness-of-sentence claim is not a basis to secure the withdrawal of a guilty plea. According to defendant, because counsel did not file a motion to reconsider his sentence to reflect his excessiveness claims, counsel could not "have made any amendments to the motion necessary for the adequate presentation of any defects in those proceedings," as required by Rule 604(d). Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 35　　　　The State counters defendant is not entitled to a second remand, as the certificate facially complies with Rule 604(d) and defendant was afforded a full and fair hearing on the motion to reconsider filed before the remand. The State further argues defendant raised his excessiveness claim in his motion to withdraw his guilty plea and that claim was heard and considered. In support of its argument a remand is not required, the State relies on *People v. Shirley*, 181 Ill. 2d 359, 692 N.E.2d 1189 (1998).

¶ 36　　　　After a guilty plea, if a defendant seeks to challenge the plea or a sentence on appeal, counsel must comply with Rule 604(d)'s certification requirements:

> "The defendant's attorney shall file with the trial court a certificate
>
> stating that the attorney has consulted with the defendant either by
>
> phone, mail, electronic means or in person to ascertain defendant's
>
> contentions of error in the sentence and the entry of the plea of
>
> guilty, has examined the trial court file and both the report of
>
> proceedings of the plea of guilty and the report of proceedings in
>
> the sentencing hearing, and has made any amendments to the
>
> motion necessary for adequate presentation of any defects in those

proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Counsel must strictly comply with Rule 604(d). *People v. Brown*, 2023 IL App (4th) 220573,

¶ 30, 218 N.E.3d 527. Strict compliance assures defense counsel "use[s] his or her own legal

acumen to aid in the presentation of a defendant's claims of error." See *People v. Laffey*, 2024 IL

App (4th) 230764-U, ¶ 45. Remand is required when a certificate fails to comply strictly with the

rule. *Brown*, 2023 IL App (4th) 220573, ¶ 30. On remand from counsel's failure to comply, the

defendant will have the opportunity to file a new postplea motion and a new hearing on that

motion. *Id.* (citing *People v. Bridges*, 2017 IL App (2d) 150718, ¶ 6, 87 N.E.3d 441).

¶ 37        A facially compliant Rule 604(d) certificate does not necessarily comply with

Rule 604(d). If the record demonstrates counsel failed to comply with his or her obligations

under the rule, remand may still be required. *Id.* ¶¶ 31, 40. Our review of whether counsel

complied with Rule 604(d) is *de novo*. *People v. Curtis*, 2021 IL App (4th) 190658, ¶ 30, 186

N.E.3d 467.

¶ 38        In this case, the record plainly establishes defense counsel did not comply with

Rule 604(d)'s certification requirements. According to the record, on remand, defendant's sole

postplea claim was that his sentence was excessive. It is clear the parties and the trial court were

aware of defendant's excessiveness claim. Even the State on appeal concedes defendant did not

want to withdraw his guilty plea but simply wanted to challenge his sentence as excessive.

Defense counsel, acting under the misbelief the plea was a "negotiated plea of guilty" under Rule

604(d), chose not to file a motion to reconsider the sentence but raised the excessiveness claim

via a motion to withdraw the guilty plea. The law establishes a challenge to the alleged

excessiveness of a sentence is not a viable claim for a motion to withdraw a guilty plea.

Withdrawal of a guilty plea is proper only where "the plea was entered through a

misapprehension of the facts or of the law," "where there is doubt as to the guilt of the accused and justice would be better served through a trial," or "where defense counsel gives the defendant inadequate advice" before entering the plea. *Id.* ¶ 31. By not filing the motion to reconsider the sentence, counsel could not have, as Rule 604(d) requires, "made any amendments to the motion necessary for adequate presentation of any defects" in the plea or sentencing proceedings. Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 39        A noncompliant Rule 604(d) certification does not require a remand in all circumstances. The State's case, *Shirley*, shows a remand is not required when a defendant, despite counsel's noncompliance with Rule 604(d) after a remand, received "a full and fair second opportunity to present a motion for reduced sentencing." *Shirley*, 181 Ill. 2d at 369. In *Shirley*, the defendant filed a motion to reduce his sentences as excessive, but no Rule 604(d) certificate was filed at that time. *Id.* at 363-64. After the trial court denied the motion, the defendant appealed, and the matter was remanded for the filing of a Rule 604(d) certificate and a new hearing on the motion to reduce his sentences. *Id.* On remand, the original trial counsel filed a Rule 604(d) certificate stating he had complied with the rule before filing the original motion to reduce the sentences. *Id.* at 364-65. New defense counsel later filed "virtually the same" motion to reduce the sentences the defendant initially filed but failed to file the Rule 604(d) certificate until four days after the hearing on the defendant's motion. *Id.* at 365-66. On appeal from that denial, the defendant argued he was entitled to a remand and another hearing on a motion to reduce his sentences, as counsel did not comply strictly with Rule 604(d). *Id.* at 366. The Illinois Supreme Court concluded, despite counsel's failure, a remand for a third hearing on the defendant's motion to reduce his sentences was unnecessary and affirmed the denial of his motion. *Id.* at 369. The court did so upon concluding, in part, "the defendant was afforded a full

and fair second opportunity to present a motion for reduced sentencing," and it was "incumbent upon defendant, his counsel, the State, and the circuit court to insure that compliance with the requirements of this court's Rule 604(d) would be met in this second hearing on the motion to reduce sentences." *Id.* at 369-70. The court concluded with the following:

> "There is nothing in the record, or in the two motions to reduce sentences, or in the two Rule 604(d) certificates filed by two different attorneys, which indicates any reason why this court should remand the cause for a third hearing on defendant's claim that his sentences were excessive. In light of all these circumstances, requiring another remand and hearing on the motion to reduce sentences would be an empty and wasteful formality." *Id*. at 370.

¶ 40          The circumstances in *Shirley* are not the same as those here. *Shirley* involved a technical defect in counsel's compliance with Rule 604(d), as the mistake made by counsel was not in failing to present the defendant's claim on remand but in filing the certificate *after* the hearing. See *id.* ¶ 365-66. Our case law shows there is a distinction between cases in which postplea counsel allegedly improperly omitted claims in the postplea motion from those cases in which postplea motions were deficiently pleaded, like the one in *Shirley*. See *Brown*, 2023 IL App (4th) 220573, ¶ 40.

¶ 41          In addition, our supreme court in *Shirley* found the defendant was given a full and fair hearing on the same issues raised in both the initial hearing and on the hearing on remand. The same circumstances are not present here. Defendant was not provided a full and fair hearing on the issue during either the initial hearing or the hearing on remand. At the initial hearing, no

Rule 604(d) certificate was filed. No Rule 604(d) certificate was filed at any time to certify the motion to reconsider. The uncertified motion to reconsider and the hearing on that claim were tainted by the absence of a certificate of compliance, and that hearing was "a nullity." See *People v. Porter*, 258 Ill. App. 3d 200, 202-04 (1994); see also *People v. Lima*, 2024 IL App (4th) 230490-U, ¶ 20. Thus, the motion to reconsider ultimately considered and ruled on by the trial court on remand was not supported by any Rule 604(d) certificate. The first hearing, a nullity, cannot be deemed full or fair. In *Shirley*, in contrast, late Rule 604(d) certificates were filed supporting both motions to reduce the sentences. In the latter, counsel adopted essentially the same arguments made in the initial motion to reduce the sentences that was not certified. The "certified" issues were heard and considered twice. See *Shirley*, 181 Ill. 2d at 364-66.

¶ 42    The trial court's attempt to have counsel argue defendant's excessiveness claim did not remedy any error nor make the hearing full or fair. Counsel's failure to comply with Rule 604(d) due to his misunderstanding as to the type of plea entered left him unprepared to argue defendant's excessiveness claim. When the court asked counsel to proceed on the initial motion to reconsider, counsel could only say "that was an excessive sentence[,] *** almost the maximum in the sentence for the charge that he had pled to in this case." Counsel followed that sentence by explaining why he filed a motion to withdraw a guilty plea based on his understanding.

¶ 43    As we have done before, we remand this case for (1) the filing of a Rule 604(d) certificate, (2) the opportunity to file a new Rule 604(d) motion, if counsel concludes a new motion is necessary, (3) a new hearing, (4) a ruling on all pending Rule 604(d) motions, and (5) strict compliance with the requirements of Rule 604(d).

¶ 44    Last, we note our decision renders moot defendant's other arguments on appeal.

Defendant requested relief for those claims only if this court did not remand for strict compliance with Rule 604(d).

¶ 45                              III. CONCLUSION

¶ 46        For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 47        Vacated and remanded.